STIMPSON ET AL. v. PEASE ET AL.

1. **Mortgage :** LIEN OF: PURCHASE BY MORTGAGEE. Where the assignee of a bankrupt, with the approval of the court, conveyed mortgaged property to the mortgagees in satisfaction of their claim, and the mortgage was thereupon discharged of record, it was held that the conveyance would not divest the property of other liens junior to the mortgage, but that such liens would remain subject to that of the mortgage, which, as against them, would be presumed not to have been discharged.

*Appeal from Lee Circuit Court.*

TUESDAY, APRIL 27.

ACTION to enjoin an execution sale. The property consists of certain real estate in the city of Keokuk. It was formerly owned by Henry Waterman, the execution debtor. Waterman executed two mortgages upon it, which mortgages became the property of the plaintiffs, H. M. Stimpson and B. F. Hambleton. After the execution of the mortgages the defendants S. C. & S. Carter obtained a judgment against Waterman, which became a lien upon the property. The execution sought to be enjoined was issued upon that judgment. The plaintiffs have never foreclosed. Waterman was adjudicated a bankrupt, and his assignee in bankruptcy conveyed the property to the holders of the mortgages in settlement. This was done with the approval of the court of bankruptcy, but the defendants S. C. & S. Carter were not parties to the proceedings. The holders of the mortgages, having taken a conveyance of the property, sold and conveyed a part of it to Mary E. McClellan, who joins as plaintiff herein. She has made valuable improvements. The petition avers that the defendants are proceeding to sell under a claim that the judgment lien is paramount to the plaintiffs' claim, whereas plaintiffs say that the judgment lien was divested by the proceedings in bankruptcy, or, if not, that it is subject to the

amount that would have been due them if no settlement had been made.

The defendants admit that they claim that their judgment lien is paramount, and aver that it is in fact paramount, and ask an adjudication in regard to the priority of their lien. The court held that it was not paramount, and rendered a decree that the defendants be perpetually enjoined from selling under a claim that their lien was paramount. The defendants appeal.

*W. B. Collins,* for appellants.

*Gillmore & Anderson,* for appellees.

ADAMS, CH. J.—No copy of the execution is set out. We must assume that it was a general execution in the ordinary form. No claim of priority in respect to the lien of the judgment appeared, we suppose, upon its face. Whether, if the lien was a subsisting one, the plaintiffs were entitled to an injunction to restrain the sale merely on account of a claim of priority set up extrinsic to the execution, and in no way affecting the substantial rights of any one, seems to us to be doubtful. But this question is not presented to us. The questions which the parties have made are as to the validity of the respective liens, and their priority. We have, then, to consider the effect of the settlement made by the holders of the mortgages with the assignee in bankruptcy, and the approval of the court of bankruptcy. It was, doubtless, competent for the court of bankruptcy to order and approve a sale and conveyance of the property by the assignee to the holders of the mortgages in discharge of their claims, but such sale and conveyance would not have the effect to divest either prior or subsequent liens, where the lien holders were not made parties to the proceedings. *Ray v. Norseworthy,* 23 Wal., 128. The appellees, while not denying this rule, as we understand, insist that the defendants' lien should be deemed to be di-

*[margin note: I. MORTGAGE: lien of: purchase by mortgagee.]*

vested, because, as it is said, the evidence shows that the prior claims for the discharge of which the sale and conveyance were made were greater than the value of the property. But prior incumbrances can have no effect upon the validity of a lien, however much they affect its value.

The question most difficult of determination is as to whether the position of the defendants is well taken, that the mortgage claims, having been discharged in respect to the assignee and bankrupt, must be regarded as discharged in respect to subsequent lien holders. The holders of the mortgage claims not only took the property in full satisfaction, but they entered a discharge of the mortgages upon the record. The fact, however, that they entered such discharge is not, to our mind, a material circumstance. *Stantons v. Thompson*, 49 N. H., 272.

The mortgagees' claims, as against the assignee and bankrupt, were discharged by the sale and conveyance, and before any entry of discharge was made upon the mortgage record. That a mortgagee may take a conveyance of the mortgaged property from his mortgagor and still enforce the mortgage as against subsequent lien holders, where there is no intention to discharge the mortgage as against them, is well settled. *Wickersham v. Reeves & Miller*, 1 Iowa, 413; *Gibson v. Crehore*, 3 Pick., 475; *Wilhelmi v. Leonard*, 13 Iowa, 330; *Lyon v. McIlvaine*, 24 Iowa, 9.

In this case we see no reason for not believing that it was the intention to discharge the mortgages as against subsequent lien holders, and upon looking into the case it appears to us that it would have been clearly against the interest of the holders of the mortgage claims to do so. Now we think that we should not be justified in presuming that they intended to do an act which was clearly against their interest.

The decree does not enjoin the defendants from selling the property upon execution. It enjoins them from selling under a claim that their lien is paramount. Now, while the decree

is somewhat anomalous in its character, it follows the issues as made and tried, and under the view which we take of the law we think it is not subject to any valid objection. The mortgages and claims incident, as for taxes paid, must be deemed paramount, and may be enforced by foreclosure, and a good title to the property may be made to the purchaser.

AFFIRMED.