J. M. CHRISTY, Defendant in Error, v. B. F. SCOTT, Plaintiff in Error.

| 31 | 331 |
| 38 | 57 |
| 38 | 633 |
| 31 | 331 |
| 54 | 132 |

Kansas City Court of Appeals, May 23, 1888.

1. MERGER—WHEN IT TAKES PLACE AS TO ESTATES—INTENT OF PARTIES—CASE ADJUDGED.—In estates acquired by act of the parties, they merge or not and mortgages are extinguished or not, according to the intent of the parties, as collected from the deed or the circumstances of the transaction ; and when these furnish no evidence of the intent, from the interest of the parties. Aside from the fact that the intention is not to be presumed to satisfy the first mortgage (in this case), because its effect would be to let in the second mortgage (when the plaintiff's money had satisfied it without any loss or prejudice to the second mortgagee), the absence of such intention affirmatively appears here from the act of the plaintiff in taking a formal assignment of the debt and mortgage : and this, by all the authorities, is conclusive on the question of intention.

2. MORTGAGE—ASSIGNEE OF DEBT SECURED BY, MAY MAINTAIN REPLEVIN—CASE ADJUDGED.—The assignee of a debt secured by mortgage can maintain replevin for the possession of the property. Nor could it affect the right of the assignee here, that he afterwards sold the property to the mortgageor, and took a new mortgage. The rule is well settled that as against a party who has acquired no intermediate right upon the faith of the satisfaction of the first mortgage, courts of equity will restore the first mortgage, even after an entry of satisfaction, for the protection of the assignee.

3. ——— SATISFACTION OF BY MISTAKE—WHAT IS SUCH MISTAKE—HOW CORRECTED.—It is competent for the first mortgagee or his assignee to show by parol that his acknowledgment of satisfaction was made through mistake. Mistake, in such connection, is nothing more than "that result of ignorance of law or of fact which has misled a person to commit that which, if he had not been in error, he would not have done." This rule has been applied to acknowledgment of payment (in cases like this) when the party was in ignorance, at the time, of the existence of a second mortgage or judgment lien.

4. PRACTICE—PROCEDURE—EQUITABLE RULES.—Equitable rules, as to procedure, are applied in writs of entry, when the property mortgaged is realty ; and when such writs are employed to enforce a mortgage security instead of a bill in equity. The same rules should be applied in cases of mortgages of personalty.

Error to Bates Circuit Court, Hon. Charles W. Sloan, Judge.

*Affirmed.*

Statement of case by the court.

This is an action of replevin, and grows out of one following state of facts :   On the third day of March, 1883, W. A. Harris and James F. Harris executed to T. D. Rafter their chattel mortgage on the property in question to secure to said Rafter the payment of their promissory note to Rafter for the sum of $424.75.   The property seems to have belonged to Wm. A. Harris. There were payments made on said note, leaving a balance due and unpaid of about one hundred and seventy-two dollars.   The conditions of the mortgage being broken the mortgagee took possession of the property, and advertised the same for sale pursuant to the terms of the mortgage.   On the day set for sale the plaintiff desiring to purchase such property so notified Rafter, and the parties interested coming together an arrangement was perfected by which Harris sold privately his interest in this property to plaintiff for said sum of one hundred and seventy-two dollars, which was paid over to Rafter ; and thereupon Rafter assigned in due form the note and mortgage to plaintiff.   Plaintiff then resold the property to Harris, and took from him a new note and mortgage on said property for the sum of two hundred dollars.   This occurred on the same day, February 27, 1886.   Afterward, on the same day, plaintiff acknowledged satisfaction, on the margin of the record, of said first mortgage.

It further appears that there was a second mortgage on said property executed by Harris to the Aultman & Taylor Company, bearing date July 23, 1883, to secure certain indebtedness of Harris to said company.   This mortgage was also duly recorded.   The defendant claims the right of possession to said property under said last-named mortgage.

On the trial of the issues herein the plaintiff, over the objection of defendant, was permitted to testify, that at the time he made the entry of satisfaction of the first mortgage he was wholly ignorant of the existence of the said second mortgage, and that he would not have given such release receipt had he known the fact.

The cause was tried before the court without a jury. Judgment for plaintiff ; from which defendant prosecutes this writ of error.

THOMAS J. SMITH, for the plaintiff in error.

I.  The instructions given for plaintiff should not have been given. (1) The evidence did not show a sale of the property, but only an assignment of the security. (2) Instruction two was a mere abstraction, and the giving of that numbered three was error. *Turner v. Loler,* 34 Mo. 461 ; *McDermott v. Donegon,* 44 Mo. 85 ; *Shaffner v. Leahy,* 21 Mo. App. 110. (3) Instruction four was error, (*a*) because there was no latent ambiguity in the release calling for any explanation. 1 Greenl. Evid. [5 Ed.] sec. 275 ; 2 Whart. Evid. [2 Ed.] sec. 936 ; *Koehring v. Muemminghoff,* 61 Mo. 403 ; *Johnson Co. v. Wood,* 84 Mo. 489. (*b*) Parol testimony was not competent to contradict or rebut this record evidence. Cases cited above. (*c*) There was no testimony introduced tending to rebut the proof of the release of the Rafter mortgage. *Brown v. Ins. Co.,* 86 Mo. 51 ; *Chastain v. Wright,* 19 Mo. App. 165 ; *Hollender v. Koetter,* 20 Mo. App. 79 ; *Edwards v. Meyers,* 22 Mo. App. 481. (*d*) The mortgage of Harris to the Aultman & Taylor Company having been put on record in 1883, plaintiff had notice of its contents, which, under our statutes, is more binding on him than actual knowledge. He could not, therefore, with reference to this mortgage under the law, have released the mortgage to Rafter under a mistake of fact.

II.  Under the evidence, the finding and judgment in this case should have been for the defendant, the

plaintiff in error here. (a) The Rafter note had been paid off and the mortgage discharged, and the release thereof made a matter of record by the plaintiff himself. 2 Jones on Mort. [3 Ed.] secs. 943, 944; *Mead v. York*, 6 N. Y. 449; *Champney v. Coope*, 34 Barb. 543; *Johnson v. Johnson*, 81 Mo. 331; *Christian v. Newberry*, 61 Mo. 447; *Bunn v. Lindsay*, 95 Mo. 250. (b) Plaintiff was not the owner of the property, nor did he have a right to immediate possession, and ought not, therefore, to have recovered judgment. *Sheble v. Curdt*, 56 Mo. 437; *Fleming v. Clark*, 22 Mo. App. 218. (c) If plaintiff had any right against the property in dispute superior to the right of the Aultman & Taylor Company, it was only equitable, and would not support this action. *Pilkington v. Trigg*, 28 Mo. 95. (d) Under the mortgage from Harris to Christy, plaintiff was not entitled to possession at time of suit, because there had been no breach of the conditions of this mortgage. *Bennett v. Timberlock*, 57 Mo. 449; *Sheble v. Curdt, supra*. This mortgage was also subsequent to the one under which defendant held the property.

III. The taking of the new note and mortgage and the acknowledgment of payment of the old, show that payment of the old note was what was intended, and what was done. 3 Rand. Com. Paper, p. 595, secs. 1512, 1513.

Francisco & Rose, for the defendant in error.

I. Christy took an assignment of the Rafter mortgage and note, in due form and in writing, and his title was legal, not equitable.

II. There had been a breach in the mortgage from Harris to Rafter, giving Christy a right to take possession of the property.

III. The release on the margin of the record of the Rafter mortgage was a mere receipt, which might be explained and rebutted by parol testimony in an action at law, and plaintiff was not bound to resort to a suit in equity to have it cancelled. *Joerdens v. Schrimpf*,

77 Mo. 387; *Chappell v. Allen*, 38 Mo. 213; Boone on Mort., sec. 155, p. 209; *Bruce v. Nelson*, 35 Iowa, 157; *Stimpson v. Pease*, 53 Iowa, 572; *Lambert v. Leland*, 2 Sweeny, 218; *Hutchinson v. Swartsweller*, 31 N. J. Eq. 205; *Shaver v. Williams*, 87 Ill. 469.

IV. The Aultman & Taylor Company were not injured by Christy's negligence, even granting that there was negligence, and cannot ask to profit by it.

V. There had been a breach in the mortgage from Harris to Christy.

PHILIPS, P. J.—There seems to have been no question made at the trial as to the integrity and fairness of the transactions between Harris, Rafter, and plaintiff. The evidence showed that one hundred and seventy-two dollars was the reasonable value of the property at the time. By that purchase plaintiff acquired all the right, title, and interest of Harris in the property. That was the equity of redemption of Harris as against Rafter, the mortgagee. And by the payment to Rafter of the amount of his debt, and taking an assignment thereof, with the mortgage, plaintiff acquired and became entitled to all the rights which Rafter had at the time of such assignment.

At law, and as to these parties, the complete title to this property became vested in plaintiff, and there would be a merger of the equitable in the legal title, both uniting in the same person. But it may be conceded, for the purpose of this controversy, that there having been no formal foreclosure of the first mortgage, conformably to its provisions, and the second mortgagee, the Aultman & Taylor Company, not having been parties consenting to the private sale and transaction between Harris, Rafter, and plaintiff, the right of said company to redeem against the first mortgage was not affected.

It would further follow that if the legal effect of the transaction between Harris, Rafter, and plaintiff, and the acts done by plaintiff, were to release said property

from the operation of the first mortgage, the Aultman & Taylor Company mortgage would have priority over the last mortgage taken by plaintiff from Harris.

A brief reference to established rules will reduce this question to a simple solution. In Greenleaf's note to 1 Cruise, 239, it is said: "In estates acquired by act of the parties, they merge or not, and mortgages are extinguished or not, according to the intent of the parties, as collected from the deed or the circumstances of the transaction; and when these furnish no evidence of the intent, from the interest of the parties." "Merger is not favored in equity, and is never allowed, unless for special reasons, and to promote the intention of the party. The intention is considered in merger at law, but is not the governing principle of the rule, as in equity." 4 Kent Com. 102. "A person becoming entitled to an estate subject to a charge, for his own benefit, may, if he choose, at once take the estate and keep up the charge." *Forbes v. Moffat*, 18 Ves. 390.

So it is said, in *Thompson v. Chandler*, 7 Greenl. 377: "If the purchaser of a right in equity to redeem a mortgage takes an assignment of it, this shall not operate as an extinguishment of the mortgage, if it is for the interest of the assignee to uphold it." See also, *Gibson v. Crehore*, 3 Pick. 475; *Robinson v. Levitt*, 7 N. H. 100.

Aside from the fact that the intention is not to be presumed to satisfy the first mortgage because its effect would be to let in the second mortgage, when plaintiff's money had satisfied it without any loss or prejudice to the second mortgagee, the absence of such intention affirmatively appears in this case from the act of the plaintiff in taking a formal assignment of the debt and mortgage. This, by all the authorities, is conclusive on the question of intention.

As the assignee of the debt and mortgage plaintiff could maintain replevin for the possession of the property. *Kingsland & Ferguson Mfg. Co. v. Chrisman*, 28 Mo. App. 308. Nor could it affect the right that he

afterward resold the property to Harris and took a new mortgage.

The rule is well settled that, as against a party who has acquired no intermediate right upon the faith of the satisfaction of the first mortgage, courts of equity will restore the first mortgage, even after an entry of satisfaction, for the protection of the assignee. *Bruce v. Nelson*, 35 Ia. 157 ; *Young v. Morgan*, 89 Ill. 202 ; *Stinson v. Pease*, 53 Ia. 574 ; *Morgan v. Hamet*, 23 Wis. 30 ; *Barnes v. Mott*, 64 N. Y. 397.

But, appellant says, the plaintiff afterward entered satisfaction of the first mortgage, and that destroyed the effect of the formal assignment of the debt and mortgage, as it evidenced an abandonment of the first lien. It nevertheless remained a question of intention, which is a question of fact; and any reasonable doubt as to this issue is always resolved in favor of the first lien holder, where the rights of no third party have intervened, after the entry of such satisfaction. *Bean v. Boothly*, 57 Me. 302, 303. The acknowledgment of satisfaction of the first mortgage possessed no more sanctity, nor conclusive force than a receipt for the money, which is always, both at law and equity, open to explanation. *Crosby v. Chase*, 17 Me. 371 ; *Homer v. Grasholz*, 38 Md. 525. So it is competent for the first mortgagee or his assignee to show by parol that such acknowledgment of satisfaction was made through mistake. Mistake in such connection is nothing more than " that result of ignorance of law or of fact which has misled a person to commit that which, if he had not been in error, he would not have done." Story Eq., sec. 110, note 1. This rule has been applied to acknowledgment of payment in cases of this character, when the party was in ignorance, at the time, of the existence of a second mortgage or judgment lien. *Bruce v. Nelson, supra; Stimson v. Pease, supra; Hutchinson v. Swartsweller*, 31 N. J. Eq. 205 ; *Young v. Morgan*, 89 Ill. 205. As said in *Shaver v. Williams*, 87 Ill. 472 :

"Appellant has in no manner been misled or deceived, and under such circumstances to give him priority of lien, from the fact alone that appellee canceled of record one mortgage, no portion of his debt having been paid, and at the same time accepted another mortgage, deriving no substantial advantage which he did not previously have, would be neither just nor equitable."

Nor is there any valid force in the suggestion of appellant that when plaintiff made the entry of satisfaction he had constructive notice of the recorded mortgage of the Aultman & Taylor Company. DAY, J., in *Bruce v. Nelson, supra*, most appositely observed of this position, that it proves too much : "In order that a debt may attach as a lien prior to a mortgage, it must always, in some way, appear of record, so that in every case in which the claim is in a condition to be asserted in preference to the mortgage, the mortgagee has the means of ascertaining its existence. The argument, then, would amount to this, that a mortgage released in mistake could never be restored against a prior claim, which was in a condition to become a lien. In other words, that the lien of the mortgage could never be restored, except when the restoration was unnecessary and unimportant."

The case of *Bunn v. Lindsay*, 95 Mo. 250, is unlike this. Bunn in lending the money to the mortgageor did so for the purpose of having the first mortgage lien satisfied, and before he took the second mortgage required, as is the custom with such money-lenders, the satisfaction of the first mortgage. He never bought the equity of redemption of the mortgageor, nor did he take any assignment of the debt or mortgage, nor did he have any agreement therefor. So at the time he had the entry of satisfaction made of the first mortgage he had really no right or interest in the property to be protected by keeping alive the first mortgage. The decision is in accordance with the well-settled law in such instances, because he paid off the first mortgage "without any agreement that the security should be assigned."

The only remaining question for determination is, whether the plaintiff can avail himself of this mistake in this form of action. We make no question of the general rule, that in the action of replevin the better legal title or right will prevail; and that the correction of mistakes belongs ordinarily to the "most ancient jurisdiction" of the courts of equity. But in the application of rules of law in practice, we should never lose sight of the reason of things. The action of replevin, in many respects, bears a strong resemblance to that of ejectment. It involves the right of property and the possession. The form of pleading is much the same. Neither party can know from the form of the pleadings on what claim of title, or line of proof, the case will depend and proceed. In the action of ejectment, where either party offers in evidence a deed in the chain of evidence, the adversary may attack it for fraud, although a court of equity would have jurisdiction to set it aside. So in the action of replevin, the defendant, under the general issue, may assail the plaintiff's title, under deed or bill of sale, for fraud, and show the facts which in equity would pronounce it void. *Greenway v. James*, 34 Mo. 328; *Young v. Glascock*, 79 Mo. 574.

In the case at bar when the plaintiff put in evidence the mortgage and debt and the assignment thereof to him, he had made out a *prima-facie* case. To overcome this the defendant put in evidence the entry of satisfaction made by plaintiff. As already stated, that release possessed no higher character than a receipt, which, at law as in equity, may be explained by parol. By his parol evidence the plaintiff merely met the evidence offered by the plaintiff, by showing that the receipt was given through mistake of fact, and was, therefore, not conclusive. This, it seems to me, was as admissible in this action as if the defendant had put in evidence a paper purporting to be the acknowledgment of payment of the mortgage note, and the plaintiff had then offered evidence to show that the supposed receipt was a forgery,

or fraudulently and forcibly obtained, and was without consideration.

It is held, in *Bell v. Woodward*, 34 N. H. 96 ; *Towle v. Hoit*, 14 N. H. 67 ; and *Hatch v. Kimball*, 16 Mo. 149, that the equitable rules, above discussed, are applied in writs of entry, where the property mortgaged is realty, and where such writs are employed to enforce a mortgage security, instead of a bill of equity. It does seem to me that it would be sticking to form rather than substance to send this plaintiff out of the law court to its equity side on such technicality as to procedure.

The case having been tried by the court, without a jury, and the verdict on the law and evidence being for the right party, it is unnecessary to consider the declarations of law.

The other judges concurring, the judgment of the circuit court is affirmed.