CHARLES S. BEACHAM, JAMES L. LOMBARD *et al.*, Trustee Substituted as Plaintiffs, v. HENRY W. GURNEY *et al.*, Defendants and Appellees, JAMES L. LOMBARD, Defendant and Appellant.

| 91 | 621 |
| 112 | 786 |
| 91 | 621 |
| 119 | 288 |

**Deed to Mortgagee: When Merger.** Where a mortgagee, knowing that subsequent judgment liens exist, takes a deed to the mortgaged property, with the agreement that thereby the mortgage shall be satisfied, said liens become paramount to claims under such mortgage.

**Tax Sale Purchaser: When Redemptioner.** Where one who
6  has guaranteed a mortgage on land buys the land on tax sale, it is a
mere redemption, and those who acquire liens on the land after such
tax sale and before deed, may redeem after tax deed issues.

**Practice.** Where default is had against plaintiff for failure to answer
5  interrogatories, one subsequently substituted as plaintiff, is bound by
the default.

1  **Same, on Appeal.** Objection to form of pleading can not be first
made on appeal.

*Appeal from Adams District Court.*—HON. W. H.
TEDFORD, Judge.

FRIDAY, OCTOBER 5, 1894.

ACTION to foreclose certain mortgages. Decree
for defendant appellees. Plaintiffs and defendant
Lombard appeal.—*Affirmed.*

*D. H. Ettien* for plaintiff, appellant.

*Smith McPherson* and *T. J. Hysham* for appellant
Lombard.

*Dale & Brown,* for appellees Waterman, McElwain
& Company, the State Insurance Company, W. A.
Woodward, and J. M. Russell.

KINNE, J.—I.  This is an action for judgment on
two promissory notes executed by the defendant
Gurney, and for the foreclosure of two mortgages secur-
ing them, on lands in Adams county, Iowa. Defendant
James L. Lombard claims to be the owner of said land
by virtue of two tax deeds executed to him by the
treasurer of Adams county on September 30, 1889,
and recorded October 4, 1889. Defendant appellees,
Waterman and others, in their answer and cross-bill,
claim to be the owners of certain judgments aggregat-
ing about five hundred dollars, and which were
rendered on or between October 18, 1886, and March

3, 1888, being subsequent to the date of plaintiff's mortgages and the tax sale, and prior to the execution of the treasurer's deeds on said sales, and claim that, as against Lombard, their judgments are first liens, because Lombard's acquisition of the tax title was in fact a redemption from the tax sales, and claim, as against Beacham, that their judgments are first liens upon the land, because his mortgage lien had been lost by reason of his or his assignees having taken title to the land under an agreement to discharge and release the mortgage debt. Appellees ask to have their judgments decreed a first lien upon the land, that the mortgages be decreed paid, that the transaction between Lombard and the holders of the tax certificates be decreed a payment of taxes or redemption, and that appellees be permitted to redeem. Lombard denied the material parts of the cross bill, and plaintiff denied all of the allegations of defendant appellees' answer. By agreement, Lombard and others, trustees were substituted as plaintiffs. Defendants Gurney, James L. Lombard, and the Alliance Trust Company were defaulted for want of answer to the petition. The court entered a decree dismissing plaintiff's petition, and in favor of defendant appellees, and permitting them to redeem.

II.   We first consider the case as between plaintiffs and defendant appellees. Appellants insist that the answer filed by appellees raised no issue, and that their cross bill or petition can not be considered. It is said that the law does not contemplate that one who is made a defendant may file a cross petition against the plaintiff. It is also claimed that there is a misjoinder of parties plaintiff in the cross petition. We do not deem it necessary to pass upon these questions. It may be that the cross petitioners should have set forth all that they plead in their cross petitions in their answer. It is clear that, taking the

answer and cross petition together, a good defense was pleaded to plaintiffs' petition. No objection was made in the trial court to the form or manner in which the judgment creditors set forth their defense. No question was raised that there was a misjoinder of parties. The case, as presented by all the pleadings, was treated by all of the parties as properly made, and plaintiffs can not now, for the first time, raise these questions. So far as this appeal is concerned, we must assume, in the absence of any objections in the court below, that all of the parties waived all informalities or irregularities in the pleadings.

III. We can not consider the evidence in detail. It is sufficient to say that it very satisfactorily shows that the mortgages sought to be foreclosed by plaintiffs were originally given to the Lombard Investment Company; that they were assigned to Charles S. Beacham; that the Lombard Company, when it sold the mortgages to Beacham, guaranteed their collection; that he relied upon said guaranty; that Beacham acquired the notes and mortgages prior to September 30, 1889; that the Lombard Company had authority to acquire title to the mortgaged property and cancel and satisfy the mortgages; that James L. Lombard and B. Lombard, Jr., two of the trustee plaintiffs herein, were officers in the Lombard Company, one being vice president and general manager and the other the president of the company; that James L. Lombard is the same James L. Lombard who is also a defendant and appellant; that the Lombard Company paid said notes and mortgages in full to Beacham in August, 1890; that in December, 1889, one Jones, as the agent of James L. Lombard and the Lombard Investment Company, procured a deed from Gurney and wife to the mortgaged premises which he had executed to the Alliance Trust Company, and at the same time Jones made a sale of the land to one Firman; that it was agreed that

said deed was in full of all claims against Gurney, including the mortgages in suit, which were to be satisfied, and the notes and mortgages delivered to Gurney; that this deed from Gurney and wife was given and accepted in payment of Gurney's notes and mortgages to the Lombard Company, and which were then held by Beacham; that Firman, in paying for this land, dealt only with the Lombard Company; that the transaction by Jones in behalf of Lombard and of the Lombard Company was intended as a satisfaction and cancellation of the mortgages; that, at the time said deed was taken by Jones, it was with full knowledge of the judgments of the cross petitioners. From these and other facts it is clear that, in taking the deed to the land, it was the intention to cancel and discharge the debt.

It is contended that the mortgages should be kept alive for the benefit of plaintiffs. Authorities need not be cited to sustain the doctrine that a mortgagee may take a conveyance of the mortgaged premises, and still, as against creditors of the mortgagor, keep his lien alive, as superior to their claims. In such a case, in the absence of evidence to the contrary, the presumption often obtains that it was the intention of the parties to keep alive the mortgage lien, and especially is this the case where such a result is manifestly for the interest of the mortgagee. But this rule does not obtain when it is clear that the intention was to satisfy the debt as to all parties. *Weidner v. Thompson,* 69 Iowa, 37, 28 N. W. Rep. 422. Here all the facts show that there was no intention to keep alive the mortgage. On the contrary, the debt was paid, and the parties intended that the lien of the mortgages should be discharged. It matters not what moved them to so act as to have the transaction operate as a payment and satisfaction of the debt. They ought not to complain

if their acts are given the force and effect which it is clear they intended that they should have. As we have seen, the Lombard Company was authorized by Beacham to do what it did. Jones, when he made the deed, had in his possession James L. Lombard's tax deeds to this land. In view of this entire record, it is idle to say that James L. Lombard and the Lombard Company were not parties to the transaction. Nor can it be successfully claimed that the substituted plaintiffs acquired title to these notes and mortgages without notice or knowledge of these transactions. Two of these substituted plaintiffs are the two Lombards heretofore mentioned. These substituted plaintiffs took an assignment of the notes and mortgages March 31, 1891.

This deed to the land had been taken at the instance of one of them directly, and also at the instance of the Lombard Company, with which both of these Lombards were connected as officers, and one as a manager, in December, 1889. Beacham says the Lombard Company had the right, so far as he was concerned, to take a deed for the real estate in satisfaction of the debt. We need not discuss this phase of the case further. The circumstances all show that the trustees are not innocent purchasers.

The judgment creditors attached to their cross petitions certain interrogatories to be answered by plaintiff. Though time was extended for plaintiff to make answers thereto, as well as to answer the cross petition, no answers were made. A motion was made by the cross petitioners for a default and decree because of such failure to answer the interrogatories. These substituted plaintiffs are bound by Beacham's failure to comply with the order of court. They have no other or greater rights than Beacham had. They took his place, charged with his default. Our statute provides: "Where a party filing interrogatories shall also file an affidavit that he verily

believes the subject of the interrogatories, or any of them, is in the personal knowledge of the opposite party, and that his answer thereto, if truly made from such knowledge, will sustain the claim of defense or any part thereof, and the opposite party shall fail to answer therein within the time allowed therefor, or by the court extended, the claim or defense, or the part thereof, according to such affidavit, shall be deemed to be sustained, and judgment given accordingly." Code, section 2699. The proper affidavit was attached to these interrogatories. Beacham brought the suit, and made. the judgment creditors defendants. He was therefore bound to take notice of all papers filed by them, as against him, and all orders made in the case by the court. The court, therefore, in accordance with the statute, was justified in finding the claim of the cross petitioners, as against plaintiffs, sustained.

IV. As to the claim of James L. Lombard, and as to the case as between him and the appellees, it may be said that the tax deeds held by Lombard would be good if it appeared that such title was acquired by him. in fact in his individual capacity. It appears to. us that Lombard took an assignment of the tax certificates, and procured deeds thereon, not in his own behalf, and as an individual transaction, but for the Lombard Company, and in order to protect it in its guaranty it had made of the mortgages which it had assigned to Beacham. Jones, when he took the deed to the land from Gurney and wife, and caused the land to be conveyed to Firman, as we have said, acted for Lombard. At that time the evidence shows Jones had Lombard's tax title deeds in his hands, and used them for the purpose of coercing Gurney to execute the deed. Lombard, through Jones, sold the land to Firman, and the latter executed his mortgage thereon to secure a balance of the purchase price. Now it can not be doubted that Lombard intended to convey the title

to the land to Firman; that he did not hold the tax title deeds as, or claiming an independent title in himself, as against one to whom he had caused the land to be conveyed. Lombard's interest in the land was that of a redemptioner. He was merely acting for the Lombard Company. True it is, Lombard testifies that the company had nothing to do with the transaction; that it was his individual matter. But we think the evidence is not in accord with his claim, and that the facts clearly show that his acts were intended to be, and in fact were, but a redemption of the land for the benefit of his company. The record shows that the judgment creditors' liens were established against the land in controversy as superior to the mortgages of plaintiffs and of the claims of the other defendants, and the court entered an order permitting redemption to be made by the appellees from Lombard.

As the result we have reached is favorable to appellees, we need not pass upon the question made in their motion to dismiss. The decree of the district court is not only in harmony with the views we have expressed, but also effectuates justice between the parties. AFFIRMED.