ELIJAH M. TOPLIFF, TRUSTEE, APPELLEE, V. JOHN A. RICH-
ARDSON ET AL., APPELLANTS.

FILED MARCH 8, 1906.   NOS. 14,186, 14,187.

1. **Service by publication** was attempted on three defendants. Two of the defendants were residents of the state, and the third, a nonresident, had died previous to the publication of the notice. *Held*, That a decree entered on such attempted service was void.

2. **Estates:** MERGER. There can be no merger unless a greater and a a less estate meet in the same person holding in the same right, nor where intervening rights or estates interfere, nor where the intention to keep the estates distinct may be inferred or has been expressed.

3. **Proof of the statute of** a sister state and of a judicial record appointing trustees examined, and *held* sufficient.

4. **Tax Sale:** TITLE ACQUIRED. The title conveyed under a tax sale is not derivative, but a new title, and the purchaser, if his deed is

valid, takes free from any incumbrance, claims or equities connected with the prior title.

5. **Judicial Sale:** INCUMBRANCES: ESTOPPEL. One purchasing at judicial sale is estopped from questioning the validity of an incumbrance shown by the appraisement and deducted from the appraised value of the estate sold, where he makes no objection to the validity of the incumbrance prior to the sale.

APPEAL from the district court for Kearney county: ED L. ADAMS, JUDGE. *Affirmed.*

*J. L. McPheely,* for appellants.

*Hall, Woods & Pound, Hague & Anderbery* and *H. J. Whitmore,* contra.

DUFFIE, C.

These two cases were, by stipulation of parties, heard upon one set of briefs, the facts in each case being nearly identical. The action was to foreclose a mortgage brought by Elijah M. Topliff, trustee. The New Hampshire Trust Company in March, 1894, issued its bonds in the sum of $3,500,000, and as security for payment thereof deposited with Isaac W. Smith, Alfred T. Batchelder and Elijah M. Topliff, as trustees, notes and mortgages of about the face value of the bonds issued, the mortgage in suit being among the number. Previous to the bringing of this action two of said trustees, Smith and Batchelder, departed this life. The mortgage was made December 26, 1885, by Daniel Bender and wife to secure the payment of a note for $700 maturing January 1, 1891, and payable to Hiram D. Upton or bearer. January 22, 1891, Bender secured an extension of the note and mortgage for the additional term of five years, this extension agreement not being put of record. In 1901 J. W. Whiffin & Son commenced an action in the district court for Kearney county to foreclose a tax lien held against the premises, and such proceedings were had in that case that on February 21, 1902, a sheriff's deed was issued, on the decree foreclosing the tax lien, to

the appellant John A. Richardson, who now claims to be the owner in fee of the mortgaged premises under said sheriff's deed. In that action Daniel Bender and Ida M. Bender, the mortgagors, were made parties defendant as owners of the fee, and Hiram D. Upton was made a defendant as holder of the mortgage lien. Service was had on all the defendants by publication and it developed upon the trial of the case at bar that Upton died prior to the commencement of the tax foreclosure case, and that Bender and wife were residents of this state. In this condition of the case it is clear that the court acquired no jurisdiction against the parties, the authorities all agreeing that, if the party sued was dead at and prior to the date of the pretended service, there can be no valid decree. *Loring v. Folger,* 7 Gray (Mass.), 505; *Childers v. Schantz,* 120 Mo. 305; 1 Black, Judgments (2d ed.), sec. 203. The Benders being residents of the state, the court could not acquire jurisdiction over them on notice by publication. *Bayrs v. Nason,* 54 Neb. 143; *German Nat. Bank v. Kautter,* 55 Neb. 103; *Wood Harvester Co. v. Dobry,* 59 Neb. 590. The decree of the court being entered without jurisdiction of the defendants was absolutely void, and the deed to the appellant Richardson growing out of the proceedings confers on him no title.

It further appears from the evidence that one Jesse M. Dailey procured from Bender and wife a quitclaim deed to the mortgaged premises in July, 1897, and Dailey quitclaimed to the plaintiff Topliff in September, 1897. Appellant claims that, the fee of the premises having been conveyed and accepted by the mortgagee, a merger thereby occurs and the mortgage lien is thereby extinguished, for which reason the plaintiff's bill should be dismissed. Ordinarily this is true, but the law is well settled that when intervening rights interfere, or when the two estates meet, and it is necessary that the charge be kept on foot to protect those interests, the courts will not enforce a merger. Where there is a union of rights, equity will preserve them distinct, if the intention so to do is either expressed or im-

plied.  *Miller v. Finn,* 1 Neb. 254.  The facts developed on the trial make it very apparent that the interest of the mortgagee was wholly adverse to a merger of the two estates.  As before stated, one Jesse M. Dailey procured a deed from Bender and wife in July, 1897, and while his deed to Topliff was dated in September, 1897, that deed was not delivered to Topliff until shortly before its record on April 18, 1903, the reason being that Dailey claimed a certain sum as due from Topliff, over which there was a dispute which was not settled until about that date.  In the meantime, and in January, 1902, Bender and wife made a new quitclaim deed to one E. C. Dailey.  In his testimony Bender says that when he gave this new deed to E. C. Dailey the latter represented himself to be the agent of the parties to whom the original deed had been given, and that they had lost the papers; that he assured them that the parties were the same and that it was "all straight." E. C. Dailey, after getting this new deed from the Benders, conveyed to Ida M. Hollenbeck on March 6, 1902, and prior to the recording of the deed from Jesse M. Dailey to Topliff.  It will be seen, therefore, that unless the mortgage was kept alive the interests of the mortgagee would be seriously affected by the conveyance from E. C. Dailey to Ida M. Hollenbeck.

One other matter might be noticed in relation to this claim of merger.  Topliff holds the mortgage in question as trustee, while the deed from Jesse M. Dailey is made to Elijah M. Topliff.  One of the essentials of a merger is that the two interests be held in the same right.  *Clift v. White,* 12 N. Y. 519.  Had Topliff intended a merger of the two estates, the presumption is that he would have required the deed to run to him in his capacity of trustee. Objection is further made that the act of the legislature incorporating the New Hampshire Trust Company is not sufficiently authenticated.  The act is authenticated by the secretary of state of New Hampshire under the great seal of that state.  This is sufficient under section 420 of the code.  Appellant makes two objections to the

proof of the order appointing trustees of the New Hampshire Trust Company: (1) That the certificate omits to certify to the order; (2) that it is not stated in the certificate of the justice of the supreme court attached to the clerk's seal that the order is in due form "in law." The certificate is in the following form: "I, Thomas D. Luce, clerk of the supreme court of the state of New Hampshire, for the county of Hillsboro, do hereby certify that the foregoing are true copies of the petition for, and order for the appointment of the trustees in the matter of the New Hampshire Trust Company, No. 855 Eq. (not including exhibits), and the bonds filed therein, with the approval of the court thereon." Receivers are often appointed by interlocutory orders as well as by final decrees of court, and we do not think it a good objection to the certificate that the clerk has used the word "order" instead of "decree." The certificate of the justice of the supreme court attached to that of the clerk certifies "that the foregoing certificate is in due form." The certificate is strictly in form with the federal statute, which requires that the certificate of the judge must be that the "attestation is in due form." *Grover v. Grover,* 30 Mo. 400.

Some stress is laid on the fact that the agreement to extend the mortgage was not recorded, and that appellant bid in the land on the tax foreclosure relying on the records and believing that the mortgage lien was barred by lapse of time. There are several answers to this claim. As long as the mortgage remained uncanceled of record it was notice to everyone that the plaintiff might assert it in the future. Payments on the debt, of which no public record is required or could be made, would prevent the running of the statute, and this, of itself, was sufficient to require of a purchaser inquiry, which, if prosecuted with reasonable diligence, would have disclosed the true facts.

Again, the appellant claims title under a decree foreclosing a tax lien. The title conveyed under a tax sale is not derivative, but a new title in the nature of an independent grant by the sovereign authority, and the pur-

chaser takes free from any incumbrances, claims or equities connected with the prior title.   *Crum v. Cotting,* 22 Ia. 411.   Had proper service been made to give the court jurisdiction in the tax foreclosure proceedings, the deed issued therein would have given appellant perfect title to the land and cut off every prior claim or equity existing against it.   The appellant was not concerned with the record title to this land further than to see that the proper parties were made defendants in the tax foreclosure suit.

Another matter going to the inequity of the appellant's claim is this: When the land was appraised prior to the sale under the decree foreclosing the tax lien, the mortgage in controversy was deducted from the appraised value of the land, and the plaintiff bid not to exceed two-thirds of the appraisement, thus recognizing the validity of this mortgage lien and estopping himself, under our former decisions, from resisting its enforcement.

We have no doubt of the correctness of the decree foreclosing the mortgage, and recommend its affirmance.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree foreclosing the mortgage is

AFFIRMED.