OVERLAND-WOLF, INC., APPELLANT, V. MICHAEL J. KOORY, JR., ET AL., APPELLEES.

162 N. W. 2d 889

Filed December 6, 1968. No. 36943.

Beber, Richards & Polack and Steven J. Riekes, for appellant.

Nanfito & Nanfito, John W. Delehant, Jr., and Robert J. Huck, for appellees.

Heard before WHITE, C. J., BOSLAUGH, SMITH, and McCOWN, JJ., and HUBKA, ACH, and GARROTTO, District Judges.

BOSLAUGH, J.

This is an action by Overland-Wolf, Inc., to foreclose a real estate mortgage. The defendants are the Blair Company; Royalwood Estates Joint Venture; and Michael J. Koory, Jr., and Lucille A. Koory. The controversy arises out of the construction of a residence by Dale L. Stofferson upon Lot 89 in Royalwood Estates, a subdivision in Douglas County, Nebraska.

On April 29, 1965, the Stoffersons purchased Lot 89 and executed and delivered their note and mortgage in the amount of $2,300 to Royalwood Estates Joint Venture. On the same date the Stoffersons obtained a construction loan from H. A. Wolf Company, Inc., and delivered their note and mortgage in the amount of $24,000 to the Wolf Company.

On May 26, 1965, the Stoffersons conveyed Lot 89 to Associated Builders Co., Inc. Dale L. Stofferson is the president and sole stockholder of Associated Builders Co., Inc. On January 28, 1966, Associated Builders Co., Inc., mortgaged the property to Michael J. Koory, Jr., and Lucille A. Koory for $1,600.

The Wolf Company mortgage was recorded May 10,

1965; the Koory mortgage, February 4, 1966; and the Royalwood mortgage, July 22, 1966.

After the residence had been constructed, the Stoffersons were unable to sell the property for an amount sufficient to pay the three mortgages. On September 8, 1966, H. A. Wolf Company, Inc., entered into an agreement with Associated Builders Co., Inc., and Dale L. Stofferson concerning the property.

The agreement recited that Associated Builders Co., Inc., was the owner of five properties mortgaged to the Wolf Company and that Associated was unable to pay the mortgages in accordance with the notes. The agreement provided that Associated would convey the five properties to the Wolf Company or its nominee; that Stofferson would negotiate contract sales of two of the properties with part of the proceeds to be paid to other creditors of Stofferson; that the mortgage on Lot 89 would be extended to May 31, 1967, and Stofferson would pay 7 percent interest on the note monthly; that the deed to Lot 89 would be placed in trust until May 31, 1967, but would be delivered to the Wolf Company or its nominee on June 1, 1967, if the property had not been otherwise sold by Stofferson; and that "Wolf agrees that acceptance by it of the deeds referred to above, and Stofferson's services in negotiating the Land Contract sales referred to in paragraphs #2 and #3 will relieve Associated and/or Stofferson of their indebtedness to Wolf."

Stofferson conveyed the properties to a nominee of the Wolf Company and negotiated the contract sales as provided in the agreement. No interest on the note was paid after September 1, 1966, and the deed to Lot 89 was recorded on September 14, 1966.

Lot 89 has since been conveyed to the Blair Company, another nominee of the Wolf Company. The plaintiff, who is the successor to the Wolf Company and an assignee of the mortgage, commenced this action on June 9, 1967, to foreclose the $24,000 mortgage. The defend-

ants Koory and Royalwood Estates Joint Venture alleged that the plaintiff's mortgage had been satisfied and extinguished by merger and sought foreclosure of their mortgages.

The trial court found that the plaintiff's mortgage was not a lien upon the property and that the petition should be dismissed; that the Koory mortgage was the first lien upon the property; and that the Royalwood Estates Joint Venture mortgage was the second lien upon the property. The trial court ordered foreclosure of these mortgages. The plaintiff's motion for new trial was overruled and it has appealed.

The case turns on the question of whether the plaintiff's mortgage was extinguished by merger. The case was submitted upon the theory that the conveyance to the plaintiff's nominee was equivalent to a conveyance to the plaintiff.

Ordinarily, when a mortgagee becomes the owner of the fee, the former estate is merged in the latter. But the mortgagee may keep his mortgage alive when it is essential to his security against an intervening title. If there was no expression of his intention in relation to the matter at the time he acquired the equity of redemption, it will be presumed, in the absence of circumstances indicating a contrary purpose, that he intended to do that which would prove most advantageous to himself. Lincoln Joint Stock Land Bank v. Barnes, 143 Neb. 58, 8 N. W. 2d 545. See, also, Wyatt-Bullard Lumber Co. v. Bourke, 55 Neb. 9, 75 N. W. 241; Topliff v. Richardson, 76 Neb. 114, 107 N. W. 114; Citizens State Bank v. Petersen, 114 Neb. 809, 210 N. W. 278; Edney v. Jensen, 116 Neb. 242, 216 N. W. 812.

It is the intention of the mortgagee that is controlling. Before there can be a merger the evidence must show that the Wolf Company intended that there be a merger. In the absence of such evidence, the lien of the plaintiff's mortgage remains effective.

The evidence in this case indicates that the property

was of sufficient value to satisfy the lien of the plaintiff's mortgage but not all three mortgages. Under such circumstances it would be to the advantage of the Wolf Company to preserve the lien of its mortgage. It would be presumed that the Wolf Company would intend to avoid the burden of the Royalwood and Koory mortgages.

The agreement dated September 8, 1966, between the Wolf Company, Associated Builders, and Stofferson does not show that the Wolf Company intended that a merger take place. The agreement provides for an extension of the mortgage to May 31, 1967, and for the Stofferson deed to be placed in trust until May 31, 1967. Although the deed was recorded on September 14, 1966, Stofferson testified that he continued to try to sell the property until June 1, 1967, and refused to release the deed from trusteeship prior to that date.

The plaintiff contends that the agreement to "relieve Associated and/or Stofferson of their indebtedness to Wolf" had reference to personal liability only and that the deed was not accepted as payment of the indebtedness. The agreement does not provide for cancellation or release of the mortgage, and Stofferson admitted that he had not requested that the note be returned to him or that the mortgage be released.

The evidence does not show that the plaintiff's mortgage was extinguished by merger. That part of the judgment of the district court which finds that the plaintiff's mortgage no longer constitutes a lien upon the property is reversed and the cause remanded with directions to enter a judgment finding that the mortgage of the plaintiff is a first lien upon the property prior to the liens of the Royalwood and Koory mortgages, and granting foreclosure. In all other respects the judgment of the district court is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.