In the Matter of LAWRENCE A. MAROCCO, as Treasurer of the City of Little Falls, Appellant, and EDMUND A. MCCARTHY, Respondent, v. STATE OF NEW YORK, Respondent. (Claim No. 53402.)

Third Department, February 13, 1975.

*Fiesinger, Rose & Fiesinger (George G. Fiesinger, Sr.,* of counsel), for appellant.

*Basloe, Basloe & Gallagher (Evalyn G. Basloe* of counsel), for Edmund A. McCarthy, respondent.

*Louis J. Lefkowitz, Attorney-General,* for State of New York, respondent.

HERLIHY, P. J. This is an appeal from an order of the Supreme Court, Albany County, entered December 7, 1973, upon a decision in a proceeding for distribution of the proceeds of an appropriation award pursuant to section 23 of the Court of Claims Act.

In November, 1972 the Court of Claims awarded $41,332 for the appropriation of certain real property in the City of Little Falls owned by the respondent Edmund A. McCarthy (hereinafter referred to as respondent). There were several parties claiming liens against the realty as a result of which the court directed the proceeds to be deposited in a bank account to be distributed according to the procedure set forth in sections 22 and 23 of the Court of Claims Act. Pursuant to such procedure, one of the putative lienors, the City of Little Falls, filed a petition in the Supreme Court for an order of distribution in which all other parties claiming liens joined. It is from the court's order of distribution that the city now appeals.

The issue concerns the lien status of taxes imposed on the realty by the City of Little Falls for the years 1959–1970.

It is undisputed that on April 1, 1957 respondent took a mortgage on the subject property and that thereafter on December 31, 1966 the mortgagor conveyed the title to the property to the respondent in full satisfaction of the mortgage debt and which deed was thereafter recorded.

The trial court found that the City of Little Falls was entitled to priority over respondent as to taxes and interest from January 1, 1967, disallowing the earlier years due to the city's failure to properly file its tax claims within the prescribed one year with the County Clerk.

The City Charter provides:

"§ 171. LIMITATION OF LIENS.— All taxes and assessment on real estate shall cease to be a lien, as against subsequent purchasers, mortgagees and other incumbrancers, unless the certified copy mentioned in section one hundred and sixty-one shall

be filed in the county clerk's office within one year after the making of the original assessment-roll, and such liens shall cease as against the same description of persons at the end of five years from the date of filing said certified copy." Concededly, the City Treasurer did not file the necessary papers with the County Clerk's office for any of the years in question. The respondent contends that under the City Charter he is a subsequent purchaser and therefore the unfiled taxes cease to be a lien against him.

Respondent has two distinct interests in the realty, the mortgagee interest acquired in 1957 and the ownership interest obtained on December 31, 1966, unless his mortgagee and ownership interests are deemed to have merged when he released the mortgage bond in exchange for the deed. No merger occurs and, therefore, respondent mortgagee does not lose his priority over junior encumbrances by accepting a conveyance of the mortgaged realty in satisfaction of the bond (*Hennessy* v. *King,* 225 App. Div. 152, 154, affd. 252 N. Y. 570). This is so even where, as here, such mortgagee knew of the intervening liens when he released the mortgagor, so long as the mortgagee did not intend to surrender his priority.

In *200 E. 64th St. Corp.* v. *Manley* (44 A D 2d 11, 15–16) this court said: "The intent of the owner of the two estates must be determined from all the circumstances, including the legal effect of the documents executed between the parties. A merger will be prevented whenever it will cause an injury to the owner and work an injustice upon him. [Citation omitted.] Furthermore, in the absence of some intervening right in another, the owner is free to merge the estates or to observe the dichotomy, as he prefers. (*Smith* v. *Roberts,* 91 N. Y. 470.) "

Since there is no indication that respondent intended to subordinate his mortgage to the junior tax liens, he is prior to all of the city's junior tax liens accruing through December 31, 1966 to the extent of the balance due on the mortgage bond at the date of release (Dec. 31, 1966) plus interest.

Unlike his mortgagee interest, respondent acquired the ownership interest subsequent to and with actual knowledge of the unpaid taxes. While the city charter does not expressly so provide, it is apparent by implication from the language of section 171 of the said charter, as quoted hereinabove, that a tax lien for an indefinite period of time does arise as against the owner of the real property as of the time the taxes are levied. It seems readily apparent that as to the mortgagor, respondent's predecessor in title, the entire amount of the appellant's taxes

was a lien on the premises at the time of the transfer of title to respondent in 1966. Insofar as the transfer of title in 1966 was for the purpose of releasing the mortgagor from any and all obligations on his bond, it cannot be said that there was lacking a good and valuable consideration for the deed to the respondent. However, since the entire purpose of the transaction was merely to realize the satisfaction of the mortgage, the respondent did not become a subsequent purchaser within the intent and purpose of the above-quoted section 171. Under such circumstances, he takes subject to the encumbrances (cf. *Wheeler v. Standard Oil Co.*, 263 N. Y. 34, 38). Accordingly, the ownership interest acquired by the respondent on December 31, 1966 was subject to the lien of all of the taxes theretofore levied by the city against the appropriated premises. It seems academic that as to taxes levied on and after December 31, 1966 the respondent, as sole owner of the premises, became liable for all taxes and interest accruing thereafter, and as to such taxes the City of Little Falls is not a junior lienor to the respondent.

Thus, the judgment must be modified by striking therefrom so much thereof as directs payments to be made to the City of Little Falls in certain amounts and the remainder after the payment of all liens to the respondent, and by directing that the taxes accruing to the City of Little Falls after December 31, 1966 with appropriate interest shall be awarded with priority over respondent, and by directing further proceedings for the establishment of the amount due and owing on the respondent's mortgage as of December 31, 1966, and as to which amount the same shall be awarded with priority to respondent over the City of Little Falls as to taxes prior to December 31, 1966 and, since the remaining amount of the City of Little Falls pre-December 31, 1966 lien will obviously exceed the remainder of the fund, the remainder thereof must be paid to the said city, all subject to the amount awarded the County of Herkimer and attorney's fees.

The judgment should be modified, by striking therefrom the second decretal paragraph directing certain payments to be made to the City of Little Falls, and by further striking therefrom the fourth decretal paragraph which directs payment of the remainder of the fund to the respondent, and, as so modified, affirmed, without costs, and the matter remitted to Special Term with directions to conduct further proceedings to determine the amount due and owing the respondent as of December 31, 1966 upon his mortgage, and for the entry of a supplemental judgment directing payment to the City of Little Falls of all taxes

and interest accruing after December 31, 1966 with priority over respondent, and directing payment to the respondent of said mortgage sum with priority over the City of Little Falls as to pre-December 31, 1966 taxes, and directing payment to the City of Little Falls of the remainder of the fund.

GREENBLOTT, KANE, MAIN and REYNOLDS, JJ., concur.

Judgment modified, by striking therefrom the second decretal paragraph directing certain payments to be made to the City of Little Falls, and by further striking therefrom the fourth decretal paragraph which directs payment of the remainder of the fund to the respondent, and, as so modified, affirmed, without costs, and matter remitted to Special Term with directions to conduct further proceedings to determine the amount due and owing the respondent as of December 31, 1966 upon his mortgage, and for the entry of a supplemental judgment directing payment to the City of Little Falls of all taxes and interest accruing after December 31, 1966 with priority over respondent, and directing payment to the respondent of said mortgage sum with priority over the City of Little Falls as to pre-December 31, 1966 taxes, and directing payment to the City of Little Falls of the remainder of the fund.