## SMITH v. SWAN.

1. **Mortgage**: SALE TO MORTGAGEE IN PAYMENT OF MORTGAGE: SUBSEQUENT JUDGMENT LIEN. Where the mortgagor conveyed the mortgaged property, worth about $1,000, to the mortgagee, in satisfaction of the mortgage, which amounted to about $1,000, but there was a junior judgment lien of $750 against the property, which the holder afterwards sought to enforce, *held* that it must have been the intention of the parties to the sale that the mortgagee should have the premises free from incumbrance, and that, such agreement being violated by the assertion of the junior lien, the mortgagee and purchaser might protect himself by enforcing the mortgage against the junior lien-holder.

2. ———: ———: MERGER. Where a mortgagee purchases the fee-simple title to the mortgaged premises, no merger of the mortgage will occur when the intention of the mortgagee is otherwise, and the merger is against his interest;—following many cases cited in opinion.

3. **Former Ajudication**: WHO BOUND BY AND WHAT DETERMINED. A judgment does not bind one who is not a party to the action; and a judgment of dismissal, which recites that it was entered upon a settlement between the parties, without reciting the terms of settlement, binds the parties only as to matters determined by the settlement.

TUESDAY, OCTOBER 5.

*Appeal from Des Moines District Court.*

Smith v. Swan.

ACTION against a junior incumbrancer to foreclose a mortgage. There was a decree declaring plaintiff's mortgage to be the paramount lien, and providing that defendant be permitted to redeem therefrom upon the payment of the amount due upon plaintiff's mortgage, after deducting certain sums found to be the value of the rent of the land, the possession of which was held by him. The defendant appeals.

*T. B. Snyder* and *P. H. Smyth & Son*, for appellant.

*J. C. Power* and *Paul Guelich*, for appellee.

BECK, J.—I. The undisputed facts of the case, as disclosed by the record, are as follows: (1) Uriah Foster, being the owner of the real estate in controversy, in 1877 executed to the plaintiff the mortgage sought to be foreclosed against defendant in this action. (2) In May, 1878, Uriah Foster conveyed the property to S. S. Foster, who, by a clause in the deed, assumed to pay the incumbrances thereon. (3) In September of the same year defendant recovered a judgment against Uriah Foster, which remains unsatisfied. (4) In August, 1879, S. S. Foster reconveyed the real estate to Uriah Foster. (5) In the same month Uriah Foster conveyed the property to plaintiff, the deed declaring that the consideration therefor was the satisfaction of the mortgage. (6) In July, 1879, plaintiff commenced an action against Uriah Foster to foreclose the mortgage, which was dismissed in November of the same year upon motion of plaintiff; the record being in this language: "Now, on this day, on motion of J. C. Powers and Paul Guelich, attorneys for plaintiff, it is ordered by the court that this cause be, and the same is hereby, dismissed, at the cost of plaintiff, having been settled." (7) The mortgage has not been satisfied upon the record, and it was not the purpose of plaintiff to acquire the property subject to other liens. At the time of the conveyance to the plaintiff it was worth about the amount due on the mortgage. It was clearly the purpose of the

Smith v. Swan.

parties that the debt should be paid by the transfer of the real estate mortgaged, free from liens and incumbrances. (8) Defendant seeks to enforce his judgment against the property, claiming that the mortgage, by reason of the foregoing facts, is paid and discharged.

II. It is first insisted by defendant that plaintiff's mortgage was paid by the conveyance of the property to him, and thereupon the instrument became *functus officio*, and under it plaintiff holds no rights which can be set up against defendant's judgment. It may be admitted that, as between the mortgagor and mortgagee, the conveyance operated as a payment within the terms and conditions upon which it was made. Under these terms it was the purpose of the parties that the conveyance of the property free of incumbrance should operate as payment. That such was the intention cannot for a moment be doubted. The property was worth about $1,000. The debt reached nearly that sum. Defendant's judgment is for $753. It is absurd to suppose that the parties intended that the debt should be paid by a sum less than $250. If the conditions of the transfer to plaintiff are disregarded, or are not performed, the debt cannot be regarded as paid. Therefore, if the defendant's judgment is a subsisting lien upon the property, these conditions are forfeited, and the debt stands unpaid. In that case, plaintiff is entitled to enforce the mortgage. *Stimpson v. Pease*, 53 Iowa, 572; *Wickersham v. Reeves*, 1 Id., 413; *Lyon v. McIlvaine*, 24 Id., 9.

*1. MORTGAGE: sale to mortgagee in payment of mortgage: subsequent judgment lien.*

III. Counsel for defendant insist that, upon the conveyance of the property to plaintiff, the estate and interest held by him under the mortgage merged in the fee-simple title which he acquired under the deed executed by the mortgagor. The doctrine is well settled in this state that in such a case no merger will occur when the intention of the mortgagee is otherwise, and the merger is against his interest. *Wickersham v. Reeves* and *Lyon v. McIlvaine* and *Stimpson v. Pease*, *supra*; *Woodward v.*

*2. — —: ——: merger.*

*Davis*, 53 Iowa, 694; *Wilhelmi v. Leonard*, 13 Id., 330; *Vannice v. Bergen*, 16 Id., 555; *Rankin v. Wilsey*, 17 Id., 463; *Linscott v. Lamart*, 46 Id., 312.   In the case last cited the conveyance to the mortgagee was by a deed of warranty executed by the mortgagor, and the notes secured by the mortgage were surrendered.   Like facts are relied upon in this case.   But it was held that, in the absence of an intention to merge the mortgage estate in the fee-simple, it would not occur.

IV.   It is lastly insisted that the dismissal of the action to foreclose the mortgage, brought by plaintiff against the mortgagor, is, in effect, an adjudication which cuts off the right of plaintiff to prosecute this suit.   There are two ready answers to this position: (1)   The parties, the issues, and the remedies sought in this case and that, are not identical.   The judgment therefore, in that action, will not bar recovery in this.   This conclusion is based upon familiar elementary rules.   (2) The judgment itself shows that it was rendered upon a settlement between the parties.   The plaintiff, if the judgment is a bar against him, is bound no further than the terms of the settlement.   He is not bound by matters which were not determined by the settlement.   It in fact constitutes the adjudication, and whatever matters were within its scope were alone determined.   But it is not made to appear what matters were adjudicated.   We cannot presume that it was determined that the mortgage was paid, or was invalid, or for any other reason could not be enforced.   Under the facts of the case we are authorized to conclude that the adjudication was in accord with the facts shown by the evidence; namely, that plaintiff accepted the conveyance of the property as payment upon condition that it was free from incumbrance.   Upon such adjudication plaintiff is not estopped to enforce the mortgage, if it appear that an incumbrance rests upon the property.   If the defendant's judgment be an incumbrance paramount to the title he acquired,

*3. FORMER adjudication: who bound by and what determined.*

—the condition is broken, and the deed by the mortgagor cannot be regarded as payment of the debt.

V.    The decree of the district court authorizes defendant to redeem from the mortgage, and settles the amount to be paid thereon.    No question is raised as to the correctness of the decree in this regard.    We are therefore not required to review this part of the case.    We have considered all questions demanding discussion, reaching the conclusion that the decree of the district court ought to be

AFFIRMED.