MICHAEL FARRELL, APPELLEE, V. AUSTIN BOUCK ET AL.,
APPELLANTS.

60  771
s61  875

FILED NOVEMBER 21, 1900.   No. 9,306.

1. **Mistake of Fact:** NEGLECT OF LEGAL DUTY. A mistake of fact is
a mistake not caused by the neglect of a legal duty on the part
of the person making the mistake.

2. **Culpable Inertness:** LOSS OF VALUABLE RIGHT: RELIEF IN EQUITY.
One who fails, through culpable inertness, to make inquiry
when it is his duty to inquire, and by reason of such failure
loses a valuable right, is not entitled to relief in equity on the
ground of mistake.

3. **Petition for Relief:** ALLEGATIONS: RELEASE OF MORTGAGE: SPECIAL
FINDINGS. Where a petition for relief on the ground of mis-
take of fact charges that false representations on the part of
defendant, caused plaintiff to release a mortgage and thereby
to lose a valuable right, a decree in favor of plaintiff can not
stand if the court makes special findings intended to embrace
all material issues, but fails to find that the fact so charged
was true.

APPEAL from the district court of Dixon county. Heard
below before EVANS, J. *Reversed.*

*Jay & Welty,* for appellants.

*McCarthy & Pearson, contra.*

SULLIVAN, J.

This is an appeal from a decree of the district court
of Dixon county reinstating and enforcing, in favor of the
plaintiff, Michael Farrell, a real estate mortgage which
had been, through a mistake of fact, canceled and re-
leased of record. Farrell and the defendant, C. D. Ryan,
were co-sureties upon a note given by Austin Bouck to the
firm of Halstead & Kearney. The mortgage in question,
which was executed by Bouck, was held by Ryan as an in-
demnity against loss resulting from his suretyship. After
the note to Halstead & Kearney became due Farrell paid
it and took from Ryan an assignment of the mortgage.

Bouck afterwards discharged his obligation to Farrell by conveying to the latter the mortgaged premises; and thereupon Farrell, in the usual way, released the mortgage, believing that the property therein described was not otherwise incumbered. In this he was mistaken. Ryan had a judgment lien upon the land, and this lien, which was junior to the mortgage, became a first lien when the mortgage was satisfied. Farrell alleged in his petition and testified at the trial that when the assignment aforesaid was executed, Ryan represented and declared to him that he had no claim or demand of any kind against Bouck, except such as might result from his suretyship upon the Halstead & Kearney note. The allegation and evidence upon this point were controverted, and the issue thus raised was not settled by the special findings, which were evidently intended to embrace all the material facts in dispute. The petition charges that the plaintiff was induced to release the mortgage by the false representations of Ryan; but the district court did not find that Ryan made any representations; it found only that Farrell had no knowledge of the judgment lien; and that, we think, is not sufficient to support the decree. A mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake. The rule upon this subject is thus stated in 2 Pomeroy, Equity Jurisprudence, section 852: "The general doctrine is firmly settled as one of the elementary principles of the equitable jurisdiction, that a court of equity will grant its affirmative or defensive relief, as may be required by the circumstances, from the consequences of any mistake of fact which is a material element of the transaction, and which is not the result of the mistaken party's own violation of some legal duty, provided that no adequate remedy can be had at law." In Story's Equity Jurisprudence the learned author, after remarking that the fact with respect to which the mistake has been made must be a material fact, goes on to say: "It is not however sufficient in all cases to give the party relief

that the fact is material, but it must be such as he could not by reasonable diligence get knowledge of when he was put upon inquiry. For if by such reasonable diligence he could have obtained knowledge of the fact, equity will not relieve him, since that would be to encourage culpable negligence." 1 Story, Equity Jurisprudence, sec. 146. It thus appears to be a settled principle that one who has failed to make inquiry when it was his duty to inquire, is not entitled to relief in equity on the ground of mistake. Those who suffer in consequence of their own culpable inertness are without remedy. The law aids the vigilant, not the indolent and listless. *Conner v. Welch*, 51 Wis., 431; *Mather v. Jenswold*, 72 Ia., 550. The plaintiff having charged in his petition that the false representations of Ryan caused him to release the mortgage, he could not rightfully succeed in the action without a finding that the fact so charged was true. The cause of action pleaded was not, on the trial, established by the proof. The judgment is, therefore, reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.