MICHAEL FARRELL, APPELLEE, V. AUSTIN BOUCK ET AL.,
APPELLANTS.*

FILED JUNE 5, 1901.   No. 9,306.

1. **Mistake of Fact:** NEGLIGENCE. One who seeks relief on the ground
   of mistake of fact must show that he was free from negligence.

2. **Finding of Fact:** SILENCE ON MATERIAL ISSUE:   PRESUMPTION.
   When the court makes special findings of fact, and they are
   silent as to a material issue, such omissions will be construed
   against the party on whom rested the burden of establishing
   such issue.

APPEAL from the district court for Dixon county.
Heard below before EVANS, J.   Rehearing of case re-
ported in 60 Nebr., 771.   *Former judgment of reversal sus-
tained.*

*Jay & Welty* and *William P. Warner,* for appellants.

*McCarthy & Pearson, contra.*

*Rehearing allowed.

NORVAL, C. J.

This is a rehearing of the case reported in 60 Nebr., 771. An examination of the record, and arguments of counsel, convinces us that the former opinion is right, and must stand.   One who, through culpable inertness, fails to make inquiry when it is his duty to do so, is not in a position to have a release of a mortgage canceled on the ground of mistake.   *Washburn v. Osgood*, 38 Nebr., 804; *Rice v. Winters*, 45 Nebr., 517.   There is no averment in the petition, nor finding of fact, that plaintiff examined the record to ascertain whether there were any liens on the land subsequent to that of the mortgage in question sought to be foreclosed.   The petition is drafted on the theory that plaintiff was induced to release the mortgage through certain false representations of Ryan.   While there is evidence tending to sustain such an averment, the court made no finding whatever on that issue, which is equivalent to a finding that there were no fraudulent representations made by Ryan.

The decree is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.