Farrell v. Bouck.

---

MICHAEL FARRELL, APPELLANT, V. AUSTIN BOUCK ET ·AL., APPELLEES.

FILED DECEMBER 21, 1904.   No. 13,637.

1. Equity. One who fails through culpable inertness to make inquiry when it is his duty to inquire, and by reason of such failure loses a valuable right, is not entitled to relief in equity on the ground of mistake. *Farrell v. Bouck*, 60 Neb. 771, followed and approved.

2. Judgment: REVIEW: LAW OF THE CASE. Judgment of the district court examined, and *held* to be in conformity with the "rule of the law of the case" as established on its former hearing in this court.

APPEAL from the district court for Dixon county: GUY T. GRAVES, JUDGE. *Affirmed.*

*J. J. McCarthy,* for appellant.

*William P. Warner, contra.*

OLDHAM, C.

This was a suit in equity instituted by plaintiff in the district court for Dixon county for the purpose of rein-

stating and enforcing in favor of plaintiff, Michael Far-
rell, a real estate mortgage, which it was alleged had been
canceled and released of record through a mistake of fact.
The original action was begun in the year 1894, and has
been twice reviewed by this court. At the first hearing of
the cause in the district court, a judgment was rendered
in favor of plaintiff for the relief prayed for in his petition.
This judgment was reviewed on appeal in this court in
the case of *Farrell v. Bouck*, 60 Neb. 771, and the judg-
ment of the district court was reversed and the cause re-
manded, because "the cause of action pleaded was not, on
the trial, established by the proof." On a rehearing this
opinion was adhered to in an opinion by NORVAL, C. J.
*Farrell v. Bouck*, 61 Neb. 874. During the pendency of the
action on the first appeal, defendant Ryan departed this
life, and the cause was revived against his personal rep-
resentative. When a new trial was had in conformity with
the judgment of this court on the first appeal, plaintiff
amended his petition, charging in addition to the false
representations of defendant Ryan the further allegation
that he had been deceived and misled by the representa-
tions of defendant Bouck into releasing the mortgage,
without making a full examination of the records of Dixon
county. On issues joined on this amended petition, the
court found for the defendants, and plaintiff brings the
cause here for review on appeal.

The material facts underlying the controversy are that
in May, 1894, plaintiff Farrell and defendant Ryan signed
a note, as sureties, for defendant Bouck, who was the
father-in-law of plaintiff Farrell. Defendant Ryan had a
mortgage, executed by defendant Bouck on a lot and
small store-house in the village of Allen, Dixon county,
assigned to him for indemnification of his suretyship on
the note. At or near the time this note matured, plaintiff
Farrell agreed with his father-in-law, defendant Bouck,
that he would pay off and satisfy the note, if defendant
Bouck would deed him the village property covered by
Ryan's mortgage. This Bouck agreed to do. Farrell no-

tified his cosurety Ryan, who assigned him the indemnifying mortgage. After procuring the assignment of the mortgage, plaintiff took a warranty deed to the premises, duly executed by defendant Bouck and wife, and paid the note. In a short time after this he went down to Ponca, the county seat of Dixon county, and asked the county clerk, who was *ex officio* register of deeds of the county, to make an examination of the title of the village property described in his deed. The clerk did this, and found the property clear of all liens, so far as the records of his office disclosed, except the mortgage which had been assigned to plaintiff. Plaintiff then went to the county treasurer and had an examination made of the tax liens. He then released his mortgage and filed his deed for record, without making any examination for judgment liens in the office of the clerk of the district court of the county. It afterwards developed that, at the time the mortgage was released and the deed filed for record, there was a judgment lien in favor of defendant Ryan and against defendant Bouck on record in the office of the clerk of the district court. It was for the purpose of having the mortgage reinstated, and the release canceled, and this judgment lien in favor of defendant Ryan declared a subsequent and junior incumbrance, that this action was instituted. The only material difference in the testimony adduced at the last hearing and that reviewed on the former appeal is that, at the last hearing of the cause, the court excluded all evidence offered tending to show that defendant Ryan had stated to plaintiff that he had no other lien against the land of defendant Bouck, except the mortgage which he transferred to plaintiff. It was for lack of this testimony and a finding thereon that the cause was reversed at the first hearing; and the evidence offered on this question at the last hearing was excluded by the trial court on the ground that it was a conversation with a dead man. On appeal we cannot examine any errors of the trial court in the admission or exclusion of testimony, but rather try the case *de novo* on the testimony admitted. Under this view,

we cannot see how we can avoid the rule of the law of the case as determined between the parties on the first hearing in this court as now controlling this action. It is true that at the last trial plaintiff, under the allegation of his amended petition, introduced evidence tending to show that defendant Bouck told him, plaintiff, when he delivered the deed to him, that there was no other liens that he knew of against the property, except the mortgage; but the evidence shows that plaintiff did not rely on this representation alone; but that, on the advice of one Kearney, he went to the county seat of the county to have an examination made for liens against the property, and that he did make a partial but incomplete examination of the records for such information. At the former hearing (61 Neb. 874), we said: "One who, through culpable inertness, fails to make inquiry when it is his duty to do so, is not in a position to have a release of a mortgage canceled on the ground of mistake." We are therefore of the opinion that the judgment of the trial court on the evidence admitted is in strict conformity with the law of this case as established on the first hearing in this court; and we recommend that it be adhered to and the judgment of the trial court affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the trial court is

AFFIRMED.