Citizens State Bank v. Petersen.

---

CITIZENS STATE BANK OF RALSTON, APPELLEE, v. MAX PETERSEN ET AL.:
FARMERS & MERCHANTS BANK ET AL., APPELLANTS:
C. F. CONNOLLY, TRUSTEE, APPELLEE.

FILED OCTOBER 15, 1926.    No. 24277.

1. Mortgages: MERGER. "Ordinarily, when one having a mortgage on real estate becomes the owner of the fee the former estate is merged in the latter." *Wyatt-Bullard Lumber Co. v. Bourke,* 55 Neb. 9.

2. ——: ——. "But the mortgagee may in such case keep his mortgage alive when it is essential to his security against

an intervening title. If there was no expression of his intention in relation to the matter at the time he acquired the equity of redemption, it will be presumed, in the absence of circumstances indicating a contrary purpose, that he intended to do that which would prove most advantageous to himself." *Wyatt-Bullard Lumber Co. v. Bourke*, 55 Neb. 9.

3. Evidence examined, and *held* that the taking of a deed to the mortgaged premises by C. F. Connolly, trustee, for the benefit of the plaintiff did not operate to cancel the plaintiff's mortgage.

APPEAL from the district court for Sarpy county: JAMES T. BEGLEY, JUDGE. *Affirmed.*

*William R. Patrick*, for appellants.

*Crofoot, Fraser, Connolly & Stryker*, contra.

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD and THOMPSON, JJ.

DAY, J.

This action is brought by the Citizens State Bank of Ralston to foreclose two mortgages for $5,000 and $4,000, respectively, executed by Max and Martha Petersen, covering 100 acres of specifically described land in Sarpy county, Nebraska. These two mortgages were subject to prior mortgage in favor of Adolph H. Voss. The Voss mortgage is not involved in this action.

The Farmers & Merchants Bank filed a cross-petition praying that its judgment against Max Petersen for $1,015.15, with interest thereon, be established as a lien upon the premises paramount to the plaintiff's mortgages. H. L. Gearhart also filed a cross-petition in which he prayed his materialman's lien be decreed a prior lien to the mortgage of the plaintiff.

The court found that the Voss mortgage for $7,500, dated February 13, 1918, was a first lien upon the land in question. The court also found that the plaintiff's mortgage for $5,000, dated April 5, 1919, and recorded November 17, 1919, upon which there was due $6,239.64, was a second

lien upon the premises, and that the judgment of the Farmers & Merchants Bank for $1,015.15, recovered October 8, 1921, in the district court for Sarpy county against Max Petersen, with interest and costs amounting to $1,284.58, was a third lien; that the plaintiff's mortgage for $4,000, dated December 10, 1921, and recorded December 24, 1921, with interest aggregating $4,964.46, was a fourth lien, and that the lien of H. L. Gearhart for $482.37, recorded May 5, 1922, with interest totaling $565.17, was a fifth lien.

Upon these findings the court foreclosed the plaintiff's mortgages and established liens of the respective parties for the amounts and in the priorities as above stated. The court also made an order of accounting of the proceeds of the sale of the premises based upon the possession of the plaintiff of the mortgaged premises. From this judgment the Farmers & Merchants Bank and Gearhart have appealed.

It appears that Max and Martha Petersen conveyed the land in question to C. F. Connolly, trustee, on February 27, 1923, in consideration of the payment to them of $1,000 and the release of certain personal property from the lien of a chattel mortgage held by the plaintiff, and thereupon the Petersens surrendered possession of the premises to Connolly, trustee. The record shows that in taking the deed Connolly was trustee for the plaintiff. The main point urged by the appellant is that the deed to Connolly, trustee, was in effect a deed to the plaintiff of the land in question; that, by thus obtaining the legal title, the plaintiff's equitable title created by its mortgages became merged in the legal title and canceled the mortgage liens, thus giving the appellants a prior lien over the plaintiff's mortgages.

Assuming, but not deciding, that the deed to Connolly, trustee, was equivalent to a deed direct to the plaintiff, it does not necessarily follow that the merger of the two titles was thereby created. It is a general rule of law that, whenever a greater estate and a lesser unite in the same person, without any intermediate estate, the lesser is merged in the greater. In equity, however, the legal rule of merger is not always followed, and the question whether

the legal rule will be applied depends upon the facts and circumstances of each particular case. In some jurisdictions it is held that the intention of the party in whom the estates unite is the controlling factor. In *Wyatt-Bullard Lumber Co. v. Bourke*, 55 Neb. 9, the rule is stated as follows:

"Ordinarily, when one having a mortgage on real estate becomes the owner of the fee the former estate is merged in the latter.

"But the mortgagee may in such case keep his mortgage alive when it is essential to his security against an intervening title. If there was no expression of his intention in relation to the matter at the time he acquired the equity of redemption, it will be presumed, in the absence of circumstances indicating a contrary purpose, that he intended to do that which would prove most advantageous to himself."

In discussing the doctrine of merger in *Peterborough Savings Bank v. Pierce*, 54 Neb. 712, this court said: "Whether the two estates will be held to have coalesced will depend upon the facts and circumstances in the particular case, the intention of the party acquiring the two estates and the equities of the parties to be affected."

For general discussion see *Downing v. Hartshorn*, 69 Neb. 364; *Mathews v. Jones*, 47 Neb. 616; 21 C. J. 1033, sec. 233, and 1034, sec. 234, and cases cited. In viewing the evidence and circumstances in the light of the authorities above cited, we are well satisfied that the deed to Connolly, trustee, did not cancel and annul the plaintiff's mortgage and that the trial court was correct in so holding.

The appellants also complain of that portion of the decree wherein the court ordered an accounting upon final distribution of the proceeds of the sale of the premises. The decree provides: "That upon final distribution of the proceeds of the sale of said mortgaged premises an accounting will be had on account of the plaintiff and C. F. Connolly, trustee, being in possession of said mortgaged premises from January 27, 1923, to the date of said accounting; that in said accounting plaintiff herein will be entitled to credit

for the amount paid by it as a consideration for said deed, and for any other amounts paid by it as interest upon the first mortgage upon said premises, and for any other improvements made upon the mortgaged premises or for the value of any crops planted upon the same by plaintiff, and the plaintiff will be charged with the reasonable rental value of said mortgaged premises during the time it has been in possession of same." The decree also provided that the amount due from the plaintiff on the accounting should be used to reduce the plaintiff's $5,000 mortgage.

It is difficult to understand upon what theory the appellants complain of this part of the decree. Petersens had the right to sell their equity of redemption, and Connolly, trustee, or the plaintiff had the right to purchase it, and to retain possession of the premises till taken away in a proper proceeding.

While it is true the appellants had a lien on the land, this fact alone gave them no lien on the rents and profits of the land or the equity of redemption of the Petersens. If the appellants desired to impound the rents and profits pending the action, the law afforded them an appropriate remedy. We see no basis for appellants' complaint. While we are of the view that this order snould not have been made against the plaintiff, it has taken no appeal.

Other errors have been assigned in the briefs, but are not discussed except in a general way. We have considered them, but do not regard them as controlling.

On the whole record, we are of the opinion that the judgment of the trial court is correct and it is therefore

AFFIRMED.