WILLIAM C. EDNEY, APPELLEE, V. CARL C. JENSEN ET AL., APPELLANTS.

FILED DECEMBER 9, 1927. No. 25178.

*J. C. Cook* and *Munn & Norman,* for appellants.

*Davis & Davis, contra.*

Heard before GOSS, C. J., DEAN, DAY, GOOD, THOMPSON, and EBERLY, JJ.

GOSS, C. J.

The appellants, Carl C. Jensen and Emma M. C. Jensen, his wife, and Hans Nelsen, defendants below, appeal from the judgment and decree of the district court foreclosing two mortgages in favor of William C. Edney, plaintiff below, appellee herein, and ranking Hans Nelsen's mortgage inferior to those of plaintiff.

March 5, 1919, Edney sold and conveyed the farm in question to Jensen for $29,750. Jensen paid part cash, and he and his wife, on March 11, 1919, gave to Edney two mortgages for the remainder of the purchase price, one for $15,000 and one for $5,000, to secure two notes for those amounts, both due March 1, 1924, with interest at 6 per cent. per annum, payable annually each March 1, as evidenced by coupon notes attached. Jensen and wife took possession of the premises and remained in possession until March 1, 1925. Jensen paid the interest on the debt

for three years. He did not pay the interest coupons, amounting to $1,200, due March 1, 1923, nor those for the same total due March 1, 1924. So, on March 3, 1924, Jensen and Edney entered into a written agreement under the terms of which Jensen and wife were to execute a deed of the premises to Edney, to be held in escrow at the First National Bank of Ord, and to be delivered if Jensen did not pay the interest on the mortgages by January 1, 1925; Jensen was to continue in possession during 1924 and, if he did not pay the interest, he was to pay $1,200 cash rent for the premises for that year and $50 as interest thereon. The deed was executed by the Jensens to Edney the same day. One of the covenants as to the premises is "that they are free from incumbrances except incumbrances of record." The deed, containing a recited consideration of $22,520, was placed in escrow. Jensen was unable to pay any of the interest, but he paid the cash rental for 1924 as stipulated. The escrow deed was delivered to Edney and it was recorded January 20, 1925. On January 26, 1925, Edney executed releases of the two mortgages and these were recorded February 5, 1925. As before stated, Jensen gave up possession March 1, 1925.

On July 22, 1920, Jensen and wife (and another Jensen and wife) had executed and delivered to Hans Nelsen, the father-in-law of Jensen, a mortgage for $4,000 on these same premises. This mortgage, recorded July 29, 1920, contains a recital that it is "subject however to a prior mortgage of $20,000, to William C. Edney, which mortgage matures on the 1st day of March, 1924, and bears 6% interest."

February 24, 1925, Edney began this suit to foreclose the two mortgages against Jensen and wife, making Nelsen a party defendant by reason of his $4,000 mortgage. The plaintiff alleged that it was the intention of the parties that the deed from the Jensens to him was to be subject only to his two mortgages, that the recital in it that the title was clear except incumbrances of record was a mistake of the scrivener, and that, until after he had released

his mortgage of record, and until February 19, 1925, when he first learned of it, the plaintiff was ignorant of the fact of the execution of the Nelsen mortgage and of the record thereof. The petition alleged that the Jensens fraudulently concealed the fact of the Nelsen mortgage from plaintiff, and that the known purpose of the deed from the Jensens to plaintiff was to save expense of foreclosure, and to put title back in plaintiff, subject only to taxes and to the mortgages held by plaintiff. He prayed that the release be canceled, and that he be decreed prior liens to Nelsen and awarded a decree of foreclosure. The Jensens by their answer traverse the petition of plaintiff and plead estoppel; and Nelsen, by answer and cross-petition, sets up his mortgage, praying that it may be decreed a first lien, traverses the petition of plaintiff on all points prejudicial to him and pleads estoppel.

The trial court found and decreed in substance with the position of the plaintiff as set forth in the petition: That he agreed to accept the deed from the Jensens in the belief that it would operate to reconvey to him a good title, subject only to taxes and to his mortgages, and that when he executed the releases he had no knowledge of the Nelsen mortgage; that the two interests of plaintiff should not in equity merge but remain distinct; that plaintiff should have a decree for $24,081.70, with interest, as a first lien, and Hans Nelsen a decree for $5,509.33, with interest, as a second lien; that the plaintiff credit on said amount so found due him all the rentals received by him from March 1, 1925, less the taxes paid by him; and that an order of sale issue unless the decree be satisfied within 20 days. The amount found due in the decree shows that credit was given for the $1,250 rental paid by Jensen to plaintiff for the use of the premises up to March 1, 1925.

On a perusal of the whole record and of the briefs, we find very little dispute between the parties as to the facts. The only one of consequence, as we view it, is that as to whether the plaintiff had knowledge of the Nelsen mortgage at the time he consummated his settlement with Jen-

sen and until after plaintiff had released his mortgages and obtained an abstract of title. On this point there is an issue of fact between Edney and Jensen. There is no other affirmative oral testimony directly on the subject. Edney testified that no one ever told him of the $4,000 mortgage, and the only other oral testimony as to such fact is that of Jensen, who says that when they were negotiating a settlement in 1924 he told Edney that his "father-in-law had $4,000 on the place." The plaintiff denied this categorically, and another witness who was present at the time does not remember anything being said about any other than the Edney mortgages on the premises, though he was there with Edney and Jensen at the Jensen home "negotiating with Mr. Jensen or trying to place a loan on the place." We find on this and on the other facts for the plaintiff, as did the trial court.

The appellants state their errors relied on and follow them by this very practical statement of the meat of the controversy: "In a nut shell, the sole question is whether or not the plaintiff, when he accepted the deed, took possession of the land subject to the mortgage of Hans Nelsen." While appellants assert that it is not a question of merger but of contract between Edney and Jensen, yet the ultimate question to be determined is whether, in all the circumstances shown in the record, there was a merger of the two mortgages with the title conveyed by the deed and that the mortgages were thus discharged.

The following general rules as to merger are well established: "Whenever a person acquires a greater and a lesser estate in the same property and there is no intervening estate, the lesser does not further exist as a separate estate but is destroyed by or is considered in law as merged in the greater, but when, in such a case, an intention that the estates remain separate and distinct is expressed or may be implied or inferred, no merger can ensue but the intention will prevail." *Mathews v. Jones,* 47 Neb. 616. See *Miller v. Finn,* 1 Neb. 254; *Wyatt-Bullard Lumber Co. v. Bourke,* 55 Neb. 9; *McLaughlin v. Nelson,* 113 Neb. 308;

*Citizens State Bank v. Petersen,* 114 Neb. 809; 19 R. C. L. 484, sec. 276; 27 Cyc. 1381; 41 C. J. 775, sec. 869; 19 R. C. L. 484, sec. 276.

In *Citizens State Bank v. Petersen,* 114 Neb. 809, the court, in a discussion of the method of arriving at the intention, quoted *Wyatt-Bullard Lumber Co. v. Bourke,* 55 Neb. 9, saying:

"Ordinarily, when one having a mortgage on real estate becomes the owner of the fee the former estate is merged in the latter.

"But the mortgagee may in such case keep his mortgage alive when it is essential to his security against an intervening title. If there was no expression of his intention in relation to the matter at the time he acquired the equity of redemption, it will be presumed, in the absence of circumstances indicating a contrary purpose, that he intended to do that which would prove most advantageous to himself."

We find from the evidence, as did the trial court, that Edney had no actual knowledge of the Nelson mortgage prior to the time that Edney released of record his two prior mortgages, and that he released his mortgages through ignorance that Nelsen's mortgage intervened between his mortgages and the title reconveyed to him by the Jensen deed. The pertinent question then is, whether his act, in this respect, in equity, manifested an intention to take title subject to the mortgage held by Nelsen.

"It is presumed, as matter of law, that the party must have intended to keep on foot his mortgage title, when it was essential to his security against an intervening title, or for other purposes of security; and this presumption applies although the parties, through ignorance of such intervening title, or through inadvertence, have actually discharged the mortgage and canceled the notes, and really intended to extinguish them." 2 Jones, Mortgages (7th ed.) sec. 873, and cases cited.

When Edney took the land by deed from Jensen, the condition, as understood by him, was that he was getting

the land free of incumbrance, except his own mortgages, in consideration of the satisfaction of the mortgage indebtedness and an entire settlement between him and Jensen. He discharged the mortgages in pursuance of that belief. If the condition as to the title has failed, then the consideration for the agreement has failed to the same extent. So far as Nelsen's mortgage is involved, Edney's mortgages are unpaid and he may enforce them as against Nelsen's mortgage lien. *Smith v. Swan,* 69 Ia. 412; *Linscott v. Lamart,* 46 Ia. 312; *Stimpson v. Pease,* 53 Ia. 572; *Hayden v. Lauffenburger,* 157 Mo. 88; *Sullivan v. Saunders,* 66 W. Va. 350; *Stantons v. Thompson,* 49 N. H. 272.

The appellants argue that Edney is estopped, by his own conduct, to question the validity of the Nelsen mortgage as a first lien, because he took possession of the premises, began foreclosure, collects the rent, and does not offer to resurrender the premises nor return the rent collected. This argument does not attribute proper significance to the fact that the suit was commenced on February 24, 1925; that the plaintiff alleged that the Jensens were the owners and in possession; and that the Jensens held possession until March 1, 1925, when they surrendered it, and answered on March 19, 1925, alleging that plaintiff was the owner of the premises. With each party alleging ownership and right of possession in the other, the land would have been idle pending suit, had not one or the other taken possession and cared for it. The plaintiff did so and the trial court ordered him to account, as heretofore stated, for the rentals less the taxes paid. He did account for the money paid him as rentals for the year the deed was in escrow. He is in effect an informal receiver for the court. When Jensen failed to care for the property and Edney did so, the latter was serving the interests of both by reducing the mortgage indebtedness by so much as will be produced by the use of the property pending the suit.

Nelsen cannot complain of this operation of the equitable rules herein applied. There was neither privity of contract nor of dealing between him and Edney. His mort-

gage was in express terms, recited therein, made subject to the Edney mortgages. His position as a lienor was preserved by the court and he cannot be heard in a court of equity to say that he is an innocent purchaser and as such can profit by the attempt of his mortgagee to advance his interests, so long as he, Nelsen, has been put in no worse position than he was before.

For the reasons stated, we are of the opinion that the judgment of the trial court was right, and it is

**AFFIRMED.**

Note—See 39 L. R. A. (n. s.) 834; 19 R. C. L. 484; 5 R. C. L. Supp. 1036; 6 R. C. L. Supp. 1123.