W. A. HANBY, Appellant, v. ESTELLA L. SNYDER et al., Appellees.

No. 40857.

JUNE 20, 1931.

Watson & Watson, for appellant.

F. P. Henderson, for appellee.

EVANS, J.—We look to the petition for the facts in the case. The petition herein was filed November 28, 1930. For more than

ten years preceding, the defendant, Mrs. Snyder, had been the holder of a life estate in certain real property involved herein. During such period of time she was debtor to the plaintiff upon a note signed by her with her husband. In August 1930 the plaintiff began a personal action against Mrs. Snyder and her husband upon said note and sued out a writ of attachment therein and levied said writ upon the life estate of Mrs. Snyder. In September 1930 he obtained judgment confirming his attachment and awarding special execution under which the property was sold to the plaintiff on November 20, 1930. Long prior to the beginning of the attachment suit, Mrs. Snyder had suffered default in the payment of taxes on the property for the years 1923 and 1924 and the same was sold for such taxes at tax sale. The purchaser at such tax sale is not disclosed in the pleading. It is averred that the defendant Mrs. Brown acquired such tax certificate. It is assumed in argument, but not averred in the pleading, that Mrs. Brown as certificate-holder has paid the annual taxes ever since the tax sale. Pending the attachment proceedings, Mrs. Brown took the statutory steps to mature a tax title. The objective of this suit is to enjoin the issuance of a tax deed to Mrs. Brown. The plaintiff's first ground for relief is predicated upon the foregoing facts.

The petition further alleges that in October 1930 Mrs. Snyder and her husband "executed a quit claim deed for their interest in the said premises to the defendant Sarah P. Brown".

As his first ground of relief the plaintiff contends that Mrs. Snyder conspired with Mrs. Brown (who was her mother) to defraud the plaintiff by permitting the mother to acquire title to her life estate and by neglecting the payment of the taxes accordingly. The second ground urged is that the quit claim deed executed by Mrs. Snyder and her husband clothed Mrs. Brown with full title to the property and that her right as tax certificate-holder became wholly merged therein.

I. To plaintiff's averment of conspiracy and intent to defraud the plaintiff, there are various conclusive answers. The plaintiff had no interest of any kind in the property in question at any time prior to the beginning of his attachment suit. Mrs. Snyder jointly with her husband owed him a personal debt of $6000, possibly secured by other property. Mrs. Snyder's inability to pay her taxes was quite coexistent and consistent with

her inability to pay her debt to the plaintiff. Her default in the payment of taxes and the tax sale resulting therefrom, were matters of public record and notoriety. Nor was any creditor precluded from protecting himself against the loss of the title to a tax purchaser. The fact that Mrs. Brown was the mother of Mrs. Snyder put her under no disability to deal with her daughter's property. All her acts were open, notorious, and supported by full consideration. The very purpose of the statutory Notice of Expiration, is to give adequate warning to all persons adversely interested in the property. Suppose that Mrs. Brown were taking no steps to mature her tax title and that plaintiff should acquire a sheriff's deed of the property, yet his attachment and sheriff's sale thereunder would necessarily be subject to the existing liens. He must ultimately redeem from such liens in order to protect his title. That is a right which is conceded to him now. He is not willing to respond to that privilege. He seeks rather to quiet his title in advance as against the tax liens, which had attached to the property before he had acquired any interest therein. Clearly there is no merit in his claim of fraud. As bearing on the question see Porter v. Lafferty, 33 Iowa 254; and Curtis v. Smith, 42 Iowa 665.

II. We turn to his claim of *merger*. The allegation is that Mr. and Mrs. Snyder "*executed* a quit claim deed for their interest in the said premises to the defendant Sarah P. Brown." Whether it was accepted by Mrs. Brown, or executed pursuant to her purchase or request, does not appear. The allegation is of doubtful sufficiency to bring the case within the field of the argument at this point. We shall however ignore the technical deficiency, if such. Did the execution of this quit claim deed under the circumstances disclosed in the pleading operate as a matter of law to extinguish all the rights previously acquired by Mrs. Brown under her tax certificate? If a deed from Mrs. Snyder and her husband had conferred upon Mrs. Brown the full ownership of the life estate, it would naturally and even necessarily render the tax certificates in the hands of the grantee *functus officio*. No interest of the grantee could be served by maintaining the tax certificates. If the grantee had purchased the life estate for an agreed consideration, she might be deemed to have taken subject to her own incumbrance. We have nothing of that kind here. The quit claim deed from Mrs. Snyder

carried virtually nothing but her relinquishment or waiver on her part. The quit claim deed was subject to the plaintiff's attachment and execution for $6000. On the other hand Mrs. Brown's claim under her tax certificates was superior to the attachment. The question of the interest of the grantee in the latest instrument is always an important consideration in determining the effect of such instrument as working a merger. A merger will not ordinarily be declared against the interest of such grantee, as such interest appeared at the time of taking the second instrument. If it be against the interest of the grantee to work a merger this will be deemed evidence of his intention likewise. See Smith v. Swan, 69 Iowa 412. In the cited case a mortgagee acquired the fee simple title by purchase from the mortgagor without any reference to a junior mortgage on the same property. We held that the purchaser was entitled to hold and foreclose his mortgage against the junior mortgagee. We discover in this record no ground for saying that the quit claim deed by Mrs. Snyder and her husband operated to subordinate Mrs. Brown's superior lien or title to the inferior lien or title held by the plaintiff.

We think the district court properly ruled the case, and its judgment is accordingly affirmed.

ALBERT, MORLING, KINDIG, and GRIMM, JJ., concur.