FIRST STATE SAVINGS BANK OF BEATRICE, APPELLEE, V. WILBUR MARTIN: HOME STATE BANK OF DEWITT, APPELLANT.

FILED JULY 1, 1936. No. 29695.

*Stanley Bartos* and *Otto E. Placek,* for appellant.

*Rinaker & Delehant* and *M. S. Hevelone, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and CARTER, JJ., and KROGER and IRWIN, District Judges.

IRWIN, District Judge.

This is a suit in equity brought by the First State Savings Bank of Beatrice, Nebraska, a corporation, herein referred to as the Beatrice bank, against Wilbur Martin and Home State Bank of DeWitt, Nebraska, a corporation, herein called DeWitt bank, to have reinstated as a first lien a certain real estate mortgage made by the defendant Martin to the Beatrice bank and released by said bank and, after reinstatement, for foreclosure.

On May 23, 1929, the Beatrice bank loaned to the defendant Martin $3,300 and as security therefor took a mortgage on certain real estate then owned by Martin in Beatrice, Nebraska. On May 24, 1929, the mortgage was recorded in the office of the register of deeds of Gage county, and it is conceded that it was then a first lien on the property. Martin became in default under his mortgage and the Beatrice bank demanded settlement of his indebtedness. Considerable correspondence passed between the Beatrice bank and Martin, who was generally represented by his son, in which Martin proposed that, if he were unable to obtain a loan from another source sufficient to liquidate the debt to the Beatrice bank, he would deed the property over to the bank. He was unable to obtain the proposed loan and thereafter the Beatrice bank had prepared and submitted to him a warranty deed. Martin exe-

cuted and acknowledged the deed and returned it to the bank through the mail without instructions. The deed contains the usual covenants of warranty as to title and against encumbrances, except the mortgage of the Beatrice bank. The deed and abstract which the Beatrice bank then held were turned over to B. W. Stewart, an abstracter, and who is also an attorney, and he was instructed to examine the records of the property in question and, if he found no intervening liens after the Martin mortgage to the bank, to then file the deed, extend and certify the abstract and return it to the bank. The abstracter examined the records in the offices of the register of deeds, county treasurer and clerk of the district court. He failed to discover a transcript of judgment in the office of the clerk of the district court, the judgment being in favor of the DeWitt bank and against the defendant Martin.

It is conceded by all parties that on January 19, 1934, there had been docketed in the office of the clerk of the district court for Gage county, Nebraska, a judgment in the principal amount of $493.24 which the DeWitt bank had obtained on December 14, 1933, in Madison county, Nebraska, against the defendant Martin.

The abstracter, having failed to locate the judgment, filed the deed from Martin to the Beatrice bank in the office of the register of deeds of Gage county, Nebraska, on June 6, 1934, extended and certified the abstract as of June 7, 1934, and returned it to the bank. Thereafter the bank had the abstract examined by its attorneys and received a report thereon showing merchantable title to the property in the Beatrice bank subject only to its own mortgage. The Beatrice bank then had executed and filed a release of the mortgage from Martin to the bank. It, however, retained the note and mortgage and also the recorded release of its mortgage. On July 28, 1934, the attorneys for the DeWitt bank wrote the Beatrice bank and advised that on January 19, 1934, there had been filed in Gage county the transcript of a judgment.of the DeWitt bank against Martin, and on August 1, 1934, the Beatrice

bank filed its petition asking the relief hereinbefore stated. The defendant Martin defaulted and, on the issues joined between the Beatrice bank and the DeWitt bank, the trial court found in favor of the Beatrice bank and entered its decree canceling the release of the mortgage, reinstating the mortgage as a first lien and decreeing foreclosure. A motion for a new trial was overruled, and the DeWitt bank appeals.

The DeWitt bank, appellant, contends that the trial court erred in finding that the Beatrice bank was free from negligence in failing to discover the record of the DeWitt bank judgment. We are unable to agree with this contention. A careful reading of the record will disclose that in this regard the Beatrice bank not only was free of any culpable negligence, but also that it exercised such a degree of vigilance as the circumstances required. It caused the public records to be searched by a bonded abstracter, who is also an attorney, and instructed him that the deed from Martin to the Beatrice bank was to be placed of record only on the condition that he found no liens intervening between the mortgage from Martin to said bank and the recording of the deed. It had the abstract extended, certified and examined by its attorneys, from whom it received a report showing a merchantable title in the Beatrice bank and subject only to its own mortgage, prior to the time it caused the release of the Martin mortgage to be executed and filed for record. The chief aim and purpose of our recording statutes is the protection from loss of innocent purchasers and encumbrancers who have changed their position to their detriment without notice, actual or constructive, of prior liens or conveyances. In a case of this nature where no one has been injured by the mistake but the party complainant and no one has changed his position by reason of the act which has been performed in consequence of a mistake of fact, relief cannot be properly denied upon the theory that a high degree of vigilance has not been exercised by complainant. If there was any failure on the part of the Beatrice bank to exercise due care in

discharging its first mortgage it should, we think, be considered with reference to its effects on the rights of others, and, so considered, cannot be properly regarded as that type of culpable negligence which appropriately affords a bar to equitable relief.

The DeWitt bank relies on the case of *Farrell v. Bouck,* 60 Neb. 771, 84 N. W. 260; *id.,* 61 Neb. 874, 86 N. W. 907; and last reported *id.,* 72 Neb. 875, 101 N. W. 1018, in which this court said: "One who, through culpable inertness, fails to make inquiry when it is his duty to do so, is not in a position to have a release of a mortgage canceled on the ground of mistake." A careful reading of that case will, however, disclose that the facts therein are not analogous to the facts in the instant case.

Another error assigned by the DeWitt bank, appellant, is the finding of the trial court that the Beatrice bank did not have actual knowledge of the DeWitt bank's judgment. This presents the only controverted question of fact in the entire record. It is claimed by the Beatrice bank that its officers and agents had no knowledge of the DeWitt bank's transcript of judgment until it received the letter from the attorneys for the DeWitt bank dated July 28, 1934. The DeWitt bank contends that on March 23, 1934, Mr. Shoemaker, an officer of the DeWitt bank, had a conversation with Mr. Reeves, the cashier of the Beatrice bank, concerning the judgment. From a careful reading of all of the evidence we find, as did the trial court, that at the time the Beatrice bank released the mortgage made to it by Martin, it had no actual knowledge that the judgment of the DeWitt bank intervened between its mortgage and the title conveyed to it by the Martin deed.

As to the contention of the DeWitt bank that the Beatrice bank has an adequate remedy at law, this court in the recent decision in *Union Loan & Savings Ass'n v. Simmons, ante,* p. 260, 267 N. W. 449, said: "Appellant further contends that appellee has an adequate remedy at law by maintaining an action for damages against the abstracter and his bondsman. It must be borne in mind that, under

the authorities herein cited, appellee has a first lien on the real estate in question. The mistake of the abstracter brought about a situation on the public records that clouded the certainty of appellee's priority. This uncertainty appellee asks a court of equity to remove. An action for damages would provide no remedy at all. The position taken by appellant would require appellee to surrender its first lien and accept in lieu thereof a cause of action for damages. This contention is without merit. Clearly the appellee has no adequate remedy at law to have the priority of its mortgage lien determined and is entitled to invoke the powers of a court of equity to obtain relief."

Having found that the Beatrice bank did not have actual knowledge of the DeWitt bank's judgment at the time it released its mortgage, and that whether or not the Beatrice bank was negligent in failing to discover the record of the judgment is immaterial if the rights of innocent parties are not involved, the case seems to come squarely within the general principle that: "It is presumed, as matter of law, that the party must have intended to keep on foot his mortgage title, when it was essential to his security against an intervening title, or for other purposes of security." 2 Jones, Mortgages (7th ed.) sec. 873. It is apparent from the record that the Beatrice bank did not intend to take title subject to the judgment held by the DeWitt bank.

We do not lose sight of the rule that, ordinarily, when one having a mortgage on real estate becomes the owner of the fee the former estate is merged in the latter, for it is held in *Wyatt-Bullard Lumber Co. v. Bourke,* 55 Neb. 9, 75 N. W. 241, and in *Citizens State Bank v. Petersen,* 114 Neb. 809, 210 N. W. 278, as follows: "But the mortgagee may in such case keep his mortgage alive when it is essential to his security against an intervening title. If there was no expression of his intention in relation to the matter at the time he acquired the equity of redemption, it will be presumed, in the absence of circumstances indicating a contrary purpose, that he intended to do that

which would prove most advantageous to himself." And in *Edney v. Jensen*, 116 Neb. 242, 216 N. W. 812, this court said: "Ordinarily, it is presumed that one must have intended to keep alive his mortgage title, where it was essential to his security against an intervening title; and this presumption applies although the party through ignorance of such intervening title may have actually discharged the mortgage and canceled the notes and really intended to extinguish them."

The Beatrice bank always held the first lien and discharged its lien under a mistake of fact such as a court of equity may be called upon to rectify. That the intention of the bank was not to subject its lien to the lien of the judgment of the DeWitt bank is clearly shown. The rights of innocent parties are not involved and the DeWitt bank did not change its position by reason of the act of the Beatrice bank. Under all of the circumstances of this case, we are of the opinion that the findings and judgment of the trial court are correct.

AFFIRMED.