Robert P. SMALL and Adeline Small,
Plaintiffs and Respondents,

v.

C. L. CUNNINGHAM, d/b/a United Accounts, of Bismarck, North Dakota, and United Accounts, Incorporated, a North Dakota Corporation, Defendants and Appellants.

No. 7938.

Supreme Court of North Dakota.

Feb. 8, 1963.

Joseph Coghlan, Bismarck, for defendants and appellants.

Thompson & Lundberg, Bismarck, for plaintiffs and respondents.

STRUTZ, Judge (on reassignment).

This is an action to quiet title to real property described in the complaint. The facts material to our decision, and which are not in dispute, are as follows:

On August 24, 1951, Lynn L. Danley and Barbara P. Danley acquired the real property in question by warranty deed and, with their children, occupied it as their home. On June 2, 1954, they gave a note and mortgage to the plaintiffs for $7,500, which mortgage was recorded on June 22, 1954. On December 13, 1954, the defendants recovered a judgment against Lynn Danley only for the sum of $1,591.50. Nothing was paid on either the note given to the plaintiffs or on the judgment recovered by the defendants. The Danleys continued to live in the mortgaged property until 1956, when the homestead was abandoned. Subsequently, on March 11, 1959, the Danleys gave to the plaintiffs a warranty deed to the premises and the plaintiffs took possession. The record discloses that, at all times, the property was worth less than the amount owed to the plaintiffs on the mortgage; that, in fact, it was worth less than $5,000. The purpose of this action is to determine the rights of the plaintiffs and the defendants in and to the property.

■ At the time the defendants entered their judgment against Lynn Danley, on December 13, 1954, the premises still were occupied as a homestead by the judgment debtor. Thus the judgment did not become a lien on the property at the time it was docketed. Sec. 47–18–01, N.D.C.C.; Birks v. Globe International Protective Bureau, 56 N.D. 613, 218 N.W. 864. Under our statute, had the deed to the plaintiffs been delivered while the property remained the homestead of the judgment debtor, the title conveyed to the plaintiffs would have been free of the judgment lien. However, the Danleys abandoned the homestead prior to the delivery of such deed and the lien of the defendants' judgment attached to the property at the time of such abandonment.

The sole question for the court to determine on this appeal is whether there was a merger of the mortgage and the title delivered to the plaintiffs, so as to extinguish and merge the mortgage of the plaintiffs with the title and thus make the judgment of the defendants a first lien upon the premises in question.

■ The general rule is that there is no merger of a mortgage in the title to the mortgaged property upon transfer of the property to the mortgagee where it is not the intention or to the best interest of the mortgagee to effect such merger. Whether or not a mortgage on real property is merged in a deed given by the mortgagor to the mortgagee depends on the intent and interest of the mortgagee. And this has been held to be true whether the conveyance of the title to the mortgagee is by warranty deed, by quitclaim deed, or by sheriff's deed. 37 Am.Jur., "Mortgages," Sec. 1195, p. 432.

This rule, that there is no merger of the mortgage with the fee, has been adopted even in cases where such conveyance recited that the mortgage was canceled or satisfied. Smith v. Swan, 69 Iowa 412, 29 N.W. 402.

Whether there was a merger of the mortgage interest and the title generally

depends upon the intention of the parties. Here, the record shows that the deed was given in partial satisfaction of the mortgage debt and that the mortgagors acknowledged that they owed to the plaintiffs a balance on such debt. In this case, the mortgagees gave a satisfaction of the mortgage to the mortgagors, although the record is clear that the parties did not intend such satisfaction to be in full payment of the mortgage debt. The mortgagees did, however, satisfy the mortgage of record, and the judgment creditors now contend that the satisfaction by the mortgagees of their first-mortgage lien operated to merge the mortgage interest in the fee so as to extinguish the lien as against the intervening judgment.

The weight of authority, however, is that a discharge by the mortgagee of his lien or of a surrender of evidence thereof to the mortgagor, in consideration of a conveyance of the interest of the mortgagor to the mortgagee, does not operate to merge the mortgage interest into the fee so as to extinguish the lien as against intervening encumbrances, where a merger would place inferior liens in a position of superiority. The mortgagee, having held the senior lien, still retains priority in the absence of clear evidence that the mortgagee intended to surrender his position of superiority. Titus v. Cavalier, 276 Mich. 117, 267 N.W. 799; First State Savings Bank of Beatrice v. Martin, 131 Neb. 403, 268 N.W. 281, 148 A.L.R. 823; 37 Am. Jur., "Mortgages," Sec. 1199, p. 433.

Whether there was a merger of the mortgage and the title was a question of fact, the answer to which depended upon the intent of the parties. The trial court found that, since the plaintiffs had a valid first mortgage, superior to the judgment lien of the defendants, the parties intended, by the deed and the acknowledgment of a balance due on such mortgage debt, to only partially satisfy the mortgage. As this court held, in the case of May v. Cummings, 21 N.D. 281, 130 N.W. 826, whether there is, in fact, a merger of the

mortgage interest and the title depends largely upon the intent of the parties, which intent is determined by their interests. In that case, the court pointed out that to hold that a mortgagee would deliberately place judgment creditors, whose interests are opposed to those of the mortgagee, in a position where the judgments become superior to his own mortgage, without receiving any consideration from such judgment creditors, is supported by neither reason nor evidence.

And as this court pointed out, in the case of Rouse v. Zimmerman, 55 N.D. 94, 212 N.W. 515, in the absence of proof to the contrary, equity assumes it was not the intention of the holder of a greater and a lesser estate which meet in his person to merge the same when an intermediate estate intervenes.

■ We believe that the finding of the trial court that the plaintiffs, who had priority over the defendants' judgment lien, never intended to surrender their priority, was justified by the evidence. It would seem very unlikely, since the mortgage debt was greater than the plaintiffs' security, that they would deliberately place the judgment of the defendants in a position where such judgment became superior to the plaintiffs' mortgage, without receiving any consideration from the judgment creditors. In order to effect a merger, the estates or interests must meet in the same person at the same time, and in the same right. It will be presumed that there was no merger where there is an intervening title or lien, or where to decree a merger would cause injustice or violate equitable principles. 59 C.J.S. Mortgages § 367, p. 524.

The judgment of the district court, decreeing that the plaintiffs' mortgage on the premises is superior to the judgment lien of the defendants, therefore is affirmed.

MORRIS, C. J., and STRUTZ, BURKE and TEIGEN, JJ., concur.

ERICKSTAD, J., did not participate.